IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA DOLAN COYLE | : | CIVIL ACTION |
| 3120 Maureen Drive | : | |
| Philadelphia, PA 19154 | : | |
|     Plaintiff | : | NO: 02-CV-3619 |
| | : | |
| v. | : | |
| | : | |
| AMERCO t/a REPUBLIC WESTERN | : | |
| INSURANCE COMPANY | : | |
| 1 Ivybrook Boulevard, Suite 160 | : | |
| Ivyland, PA 18974 | : | |
|     and | : | |
| JAMES WALLETE | : | |
|     Defendants | : | |

**ANSWER OF DEFENDANTS, REPUBLIC WESTERN INSURANCE
COMPANY AND JAMES WALLETE WITH AFFIRMATIVE DEFENSES**

AFFIRMATIVE DEFENSES

Defendants, Republic Western Insurance Company and James Wallete (Collectively referred to as "Answering Defendants"), hereby generally enter their appearance by and through their attorneys, White and Williams LLP, deny each and every allegation of discriminatory conduct directed to any individual for whom Answering Defendants may be held legally responsible, and more fully respond to plaintiff's Complaint as follows:

1. Admitted only that this action is brought by plaintiff, Lisa Dolan Coyle, a female formerly employed by Republic Western Insurance Company based upon allegations of gender-motivated discrimination, gender disparate treatment in the terms and conditions of employment, sexual harassment,

Doc#: 162542 v1

gender hostile environment and illegal action in retaliation for plaintiff's opposition to unlawful discrimination. To the extent the allegations of this paragraph imply that plaintiff has asserted valid claims to the aforementioned theories, the same are specifically denied.

### JURISDICTION

2.     Admitted that jurisdiction is proper in this Court.  Admitted also that plaintiff has brought this action pursuant to Title 7 of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 (e), *et seq.*, and Section IV of the Pennsylvania Human Relations Act, 43 P.S. §951 *et seq.*, and under Common Law. To the extent the allegations of this paragraph imply that plaintiff has asserted valid claims under the aforementioned theories of liability, the same are specifically denied.

### VENUE

3.     Admitted that venue is properly laid in the United State District Court for the Eastern District of Pennsylvania. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegation in this paragraph that all actions giving rise to the Complaint occurred in this District and therefore the same is denied.

### PARTIES

4.     Admitted only that plaintiff is a female who had been a full-time employee of Republic Western Insurance Company in May 1998 until August of 2000. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph that plaintiff was at all relevant times a resident of Philadelphia, Pennsylvania. All remaining allegations, including, but not limited to, the allegation of constructive discharge, are denied.

5. Denied. Admitted only that Republic Western Insurance Company maintains offices located in Ivyland, Pennsylvania. All remaining allegations of this paragraph are denied.

6. Denied. Admitted only that defendant, Republic Western Insurance Company employed James Wallette as plaintiff's supervisor at the time of plaintiff's separation of employment for Republic Western Insurance Company. All allegations of agency are denied.

## FACTS

7. Denied. Admitted only that on May 18, 1998, plaintiff was hired in the capacity of a senior claims examiner at Republic Western Insurance Company's Warminster, Pennsylvania claims office. All remaining allegations of this paragraph are denied.

8. Denied. Admitted only that plaintiff received a pay raise based in part upon merit in May 1999. All remaining allegations of this paragraph are denied.

9. Denied. Admitted only that plaintiff's principal responsibilities as litigation manager were to plan, coordinate, and manage all aspects of the field claims office litigation and large loss programs, provide day-to-day leadership and direction to field litigation staff and other assigned staff members for issues involving claims handling and/or management of litigated and large loss files. This position requires reasonable and predictable attendance. All remaining allegations of this paragraph are denied.

10. Denied. Plaintiff commenced her formal maternity leave of absence which was later converted to a medical leave of absence on August 27, 1999 although plaintiff utilized sick time previously and returned from this absence on January 10, 2000. All remaining allegations of this paragraph are denied.

11. Denied. Admitted only that plaintiff commenced a medical leave of absence on August 28, 2000 and did not return to work thereafter. All remaining allegations of this paragraph are denied.

12. Denied. Any removal or reduction of plaintiff's job responsibilities occurred as a result of plaintiff's displayed systematic pattern of poor performance, need to fulfill management needs, and not the result of discrimination.

13. Denied. Plaintiff was not treated differently than other employees due to her gender. Answering Defendants' management decisions were not influenced, in any manner, by gender discrimination, but rather based exclusively upon legally permissible management decision making driven by the employee's performance.

14. Denied as to all allegations of a gender hostile work environment.

15. Denied as to all allegations of a gender hostile work environment.

16. Denied. Admitted only that plaintiff directed a letter to the Human Resources Department complaining about a variety of issues, all of which were investigated and found to be without merit. All remaining allegations of this paragraph are denied.

17. Denied. Admitted only that on August 28, 2000, plaintiff commenced a medical leave of absence and never returned to work thereafter. All remaining allegations of this paragraph are denied.

18. Denied.

19. Denied.

20. Denied.

## COUNT I

21. Answering Defendants hereby incorporate their responses to all preceding paragraphs as if the same are set forth at length herein.

22. Denied.

23. Denied.

24. Denied.

**WHEREFORE,** Answering Defendants respectfully request that this Honorable Court enter judgment in their favor and against plaintiff dismissing plaintiff's claims herein and awarding Answering Defendants' attorneys fees and costs.

## **COUNT II**

25. Answering Defendants hereby incorporate their responses to all preceding paragraphs as if the same are set forth at length herein.

26. Denied. Admitted only that plaintiff filed a charge with the Pennsylvania Human Resources Commission and the EEOC.

27. Denied. On July 1, 2002 the Pennsylvania Human Relations Commission closed plaintiff's charge administratively.

28. Denied.

29. Denied.

**WHEREFORE,** Answering Defendants respectfully request that this Honorable Court enter judgment in their favor and against plaintiff dismissing plaintiff's claims herein and awarding Answering Defendants' attorneys fees and costs.

## COUNT III

30. Answering Defendants hereby incorporate their responses to all preceding paragraphs as if the same are set forth at length herein.

31. Denied.

32. Denied.

**WHEREFORE,** Answering Defendants respectfully request that this Honorable Court enter judgment in their favor and against plaintiff dismissing plaintiff's claims herein and awarding Answering Defendants' attorneys fees and costs.

## COUNT IV

33. Answering Defendants hereby incorporate their responses to all preceding paragraphs as if the same are set forth at length herein.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

**WHEREFORE,** Answering Defendants respectfully request that this Honorable Court enter judgment in their favor and against plaintiff dismissing plaintiff's claims herein and awarding Answering Defendants' attorneys fees and costs.

## COUNT V

40. Answering Defendants hereby incorporate their responses to all preceding paragraphs as if the same are set forth at length herein.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

**WHEREFORE,** Answering Defendants respectfully request that this Honorable Court enter judgment in their favor and against plaintiff dismissing plaintiff's claims herein and awarding Answering Defendants' attorneys fees and costs.

## COUNT VI

46. Answering Defendants hereby incorporate their responses to all preceding paragraphs as if the same are set forth at length herein.

47. Denied.

48. Admitted only that plaintiff recorded some of the alleged statements to the Human Resources Department. All remaining allegations of this paragraph are denied.

49. Denied.

50. Denied.

**WHEREFORE,** Answering Defendants respectfully request that this Honorable Court enter judgment in their favor and against plaintiff dismissing plaintiff's claims herein and awarding Answering Defendants' attorneys fees and costs.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state claims against answering defendants upon which relief may be granted.

2. The claims set forth in the complaint are barred, in whole or in part by the applicable statute of limitations.

3. The claims set forth in the complaint are barred, in whole or in part by plaintiff's failure to exhaust administrative and statutory remedies.

4. Plaintiff has failed to mitigate any damages she claims to have suffered.

5. Answering defendants acted reasonably and in good faith at all times.

6. Answering defendants did not violate the laws of the United States of America.

7. Answering defendants did not violate the laws of Commonwealth of Pennsylvania.

8. Answering Defendants did not violate Title 7 of the Civil Rights Act of 1964.

9. Answering Defendants did not violate the Pennsylvania Human Relations Act.

10. The complaint fails to state any legally cognizable cause of action against answering defendants.

11. Plaintiff's claims are barred by estoppel, waiver and/or laches.

12. Answering defendants had legitimate, non-discriminatory reasons for their actions concerning plaintiff's employment.

13. Answering defendants actions concerning plaintiff's employment were based upon reasonable factors other than gender.

14. Answering defendants are not liable for damages, including punitive damages.

15. Answering defendants are not liable for damages, including liquidated damages.

16. Answering defendants engaged in good faith efforts to comply with applicable law.

17. Punitive damages are not available to the plaintiff under the Pennsylvania Human Relations Act.

18. If plaintiff has failed and/or refused to secure alternative employment or otherwise, this amounts to a failure to mitigate damages.

19. Plaintiff fails to state of cause of action for intentional infliction of emotional distress and defamation.

**WHEREFORE**, answering defendants hereby demand judgment in their favor together with attorney's fees and costs of suit.

    Respectfully submitted,

    WHITE AND WILLIAMS LLP

    By:_____
        Robert Devine, Esquire
        Michael W. Horner, Esquire
        1800 One Liberty Place
        Philadelphia, PA 19103

                                      (215)864-7000
                                      Attorneys for Defendants,
                                      Republic Western Insurance
                                      Company and James Wallete

Dated: September \_\_\_\_, 2002

## CERTIFICATION OF SERVICE

      I, ROBERT G. DEVINE, ESQUIRE, hereby certify that I have, on this date, caused copies of the Answer to Plaintiff's Complaint with Affirmative Defenses to be served by regular, first-class mail to:

Linda P. Falcao, Esquire
238 Harrogate Road
Wynnewood, PA 19096

                                                  By:_____
                                                         ROBERT G. DEVINE

DATE SERVED: _____