**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LISA DOLAN COYLE | : | CIVIL ACTION |
| 3120 Maureen Drive | : | |
| Philadelphia, PA 19154 | : | |
|         Plaintiff | : | NO: 02-CV-3619 |
| | : | |
|         v. | : | Honorable Harvey J. Bartle, III |
| | : | |
| AMERCO t/a REPUBLIC WESTERN | : | |
| INSURANCE COMPANY | : | |
| 1 Ivybrook Boulevard, Suite 160 | : | |
| Ivyland, PA 18974 | : | |
|         and | : | |
| JAMES WALLETE | : | |
|         Defendants | : | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE
THE COURT'S ORDER**

Defendants, Republic Western Insurance Company and James Wallete, by and through their

counsel, White and Williams LLP, respond to plaintiff's motion to enforce the Court's Order of December

30, 2002, as follows:

1.      Denied. Although plaintiff's first set of interrogatories and first Request for Production of

Documents directed to defendants may have been mailed on November 14, 2002, the same were not

received until November 18, 2002.

2.      Denied. Defendants' response to plaintiff's discovery was due on December 18, 2002.

Although plaintiff's motion to compel was filed on December 23, 2002, the motion was not received in

defendants' counsel's office until after the Christmas holidays and, due to counsel's holiday vacation plans,

Doc#: 172043 v1

the motion was not reviewed by defendants' counsel until December 30, 2002, the day this Court's Order

was entered compelling production within seven (7) business days.

3.      Denied.  Pursuant to this Court's Order of December 30, 2002, defendants, on January

9, 2003,  produced their Initial Disclosures and responses to plaintiff's first set of Interrogatories and first

Request for Production. Copies of these discovery answers were attached to plaintiff's moving papers as

Exhibit C.  Defendants' very few objections to this discovery are limited to interrogatories  and requests

patently improper under R.26.  For instance, Interrogatories no.1 and 9 sought information concerning

employment discrimination complaints emanating from offices other than where plaintiff worked and

Request No. 7 sought Republic Western Insurance Company's  Corporate Income Tax Returns for 2000,

2001 and 2002 despite no prima facie showing of punitive damages liability.  With respect to several

categories of documents contained within defendants' Initial Disclosures, defendants proposed that

plaintiff's counsel execute a Stipulated Protective Agreement and Order seeking no further dissemination

of these documents and records in light of the sensitive and confidential commercial information contained

therein.  Although plaintiff's counsel, by letter dated January 10, 2003, stated that she will use these

documents only in connection with this litigation, the intent of the proposed Stipulated Protective Order and

Agreement, she has refused to execute it.   A copy of plaintiff's counsel's January 10, 2003 letter regarding

this issue is attached to plaintiff's moving papers as Exhibit D.

4.      Denied.  First, plaintiff's personnel file was identified and produced along with defendants'

Initial Disclosures at documents RW00464-00482.  Although plaintiff's performance records are also

contained within the produced personnel file, defendants requested execution of the proposed Protective

Order/Agreement with respect to plaintiff's Employee Development Plans which were identified in defendants' Initial Disclosures as RW00394-000429. In an effort to resolve this discovery dispute, defendants will produce these Employee Development Plans despite plaintiff's counsel's refusal to execute the Protective Order/Agreement.

Secondly, plaintiff seeks production of audits from the subject Republic Western Insurance Company office. Defendants requested execution of the proposed Protective Order/Agreement prior to this production. The subject audits contain sensitive commercial information such as specific reserves on files contained within the subject office. Although defendants are willing to produce these audits, and may rely upon the same in support of their defenses, defendants seek assurances that such sensitive information does not go beyond this litigation by way of the proposed Protective Order/Agreement.

Thirdly, plaintiff seeks information regarding complaints of discrimination against managers in the facility in which plaintiff worked. This request is much narrower than the request within plaintiff's discovery which seek complaints outside of the subject Republic Western Insurance Company office. Consequently, defendants objected to those discovery requests since they seek information patently outside of that permitted by R.26. If, however, plaintiff's moving papers accurately depict the scope of this request and limit it to the subject office, defendants, in an effort to resolve this discovery dispute, will disclose complaints of gender discrimination against managers within Republic Western Insurance Company's Ivyland, Pennsylvania office during plaintiff's tenure in that office. Note that defendants have already provided answers which state that no gender discrimination complaints were asserted against plaintiff's direct supervisor, James Wallete, or Mr. Wallete's supervisor, Ray Sillari, from 1998 to the present. See

Doc#: 172043 v1

defendants' response to plaintiff's first set of Interrogatories nos. 1 and 9 attached to plaintiff's moving

papers at Exhibit C.

Finally, plaintiff, for the first time in this motion, correctly point out that defendants' Initial

Disclosures inadvertently omitted information regarding insurance coverage. Defendants are not insured

with respect to the allegations of plaintiff's complaint in this action.

5.    Denied. Although counsel for all parties have communicated regarding these discovery

disputes, it is defendants' position that most, if not all of these disputes, could have been resolved if

plaintiff's counsel executed the Protective Order/Agreement not to disseminate information obtained in this

case which defendants have identified as trade secret or confidential commercial information.

6.    Denied. This Court has discretion not to compel discovery and waive objections where

"the discovery appears to have absolutely no relevance to the subject matter of the suit or is otherwise

patently improper ...." *Shenker v. Sportelli,* 83 F.R.D. 365, 367 (E.D. Pa. 1979). Further, it is advisable

that before objections are waived, a court examine the discovery sought and the objections made in

opposition to it. *Coregis Ins. Co. v. Baratta & Fenerty, Ltd,* 187 F.R.D. 528, 529 (E.D. Pa. 1999).

Further waiver of objections has been held to be more in the nature of a sanction for egregious conduct and

a simply untimely response does not constitute such egregious conduct. *Scaturro v. Warren & Sweat*

*Manufacturing Co., Inc.*, 160 F.R.D. 44, 46 (M.D.Pa. 1995).        In this case plaintiff's written

discovery was served immediately prior to the holiday season and defendants' responses were served 22

days late. Defendants respectfully submit that this untimely service does not constitute egregious conduct

which warrants waiver of defendants' objections which are limited strictly to plaintiff's discovery requests that are absolutely irrelevant or patently improper under R.26.

7.      Defendants take no position with respect to plaintiff's request for an additional thirty (30) days of discovery.

WHEREFORE, defendants, Republic Western Insurance Company and James Wallete, respectfully request that this Honorable Court deny plaintiff's within motion in its entirety.

WHITE AND WILLIAMS LLP


By:_____
          Robert Devine, Esquire
          Michael W. Horner, Esquire
          1800 One Liberty Place
          Philadelphia, PA 19103
          Attorneys for Defendants,
          Republic Western Insurance
Date:          Company and James Wallete

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LISA DOLAN COYLE | : | CIVIL ACTION |
| 3120 Maureen Drive | : | |
| Philadelphia, PA 19154 | : | |
| Plaintiff | : | NO: 02-CV-3619 |
| | : | |
| v. | : | |
| | : | |
| AMERCO t/a REPUBLIC WESTERN | : | Honorable Harvey J. Bartle, III |
| INSURANCE COMPANY | : | |
| 1 Ivybrook Boulevard, Suite 160 | : | |
| Ivyland, PA 18974 | : | |
| and | : | |
| JAMES WALLETE | : | |
| Defendants | : | |

**O R D E R**

AND NOW, this _____ day of _____, 2003, upon consideration of

plaintiff's motion to enforce the Court's Order, and defendants response thereto, it is hereby ORDERED

that plaintiff's motion herein is denied in its entirety.

_____
The Honorable Harvey J. Bartle, III, USDJ

Doc#: 172043 v1

## CERTIFICATE OF SERVICE

I, MICHAEL W. HORNER, ESQUIRE, hereby certify that I have, on this date, served a copy

of Defendants, Republic Western Insurance Company and James Wallette's Response to Plaintiff's Motion

to Enforce Court Order via facsimile and regular mail to:

Linda P. Falcao, Esquire
238 Harrogate Road
Wynnewood, PA 19096


Date:                                                    MICHAEL W. HORNER