# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LISA DOLAN COYLE : CIVIL ACTION
3120 Maureen Drive :
Philadelphia, PA 19154 :
                Plaintiff : NO: 02-CV-3619
                 :
          v. : Honorable Harvey J. Bartle, III
                 :
AMERCO t/a REPUBLIC WESTERN :
INSURANCE COMPANY :
1 Ivybrook Boulevard, Suite 160 :
Ivyland, PA 18974 :
       and :
JAMES WALLETE :
             Defendants :

## DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S ATTENDANCE AT PHYSICAL AND MENTAL EXAMINATION PURSUANT TO F.R.Civ.P 35(a)

Defendants, Republic Western Insurance Company and James Wallete, by and through their counsel, White and Williams LLP, hereby respectfully move this Court to compel, plaintiff, Lisa Coyle, to attend a physical and mental examination before Timothy J. Michals, M.D. In support therefore, defendants aver as follows:

1.      At the initial scheduling conference in this case, the Court ordered that defendant's depositions take place before plaintiff's deposition.

2.      Plaintiff ultimately chose to take only the deposition of defendant, James Wallete, and requested that the same take place either April 8, 9, or 10, 2003. See copy of plaintiff's counsel's letter of March 26, 2003, attached as Exhibit A. Mr. Wallete, however, was unavailable during that week and therefore Mr. Wallete's deposition was scheduled and held on April 21, 2003.

Plaintiff's counsel was unavailable to take Mr. Wallete's deposition the week of April 14, 2003.

3.     In accordance with the Court's order, defendants thereafter noticed the deposition for plaintiff to take place on April 23, 2003.  Plaintiff's deposition was held on April 23 and during the morning of April 24, 2003.

4.     A few hours after plaintiff's deposition was completed, defendants scheduled plaintiff's mental and physical examination with Timothy J. Michals, M.D. for Monday, April 28, 2003 at 10:45 a.m.  Notice of this examination was provided via facsimile to plaintiff's counsel and delivered at 2:38 p.m. on April 24, 2003.   A copy of the aforementioned letter and message confirmation is attached hereto as Exhibit B.

5.     Plaintiff did not appear for the examination as scheduled.

6.     Defense counsel's first notice that plaintiff would not be appearing was by facsimile letter from plaintiff's counsel at 12:06 p.m. on April 28, 2003, one hour and twenty-one minutes after the examination was scheduled to begin.  See copy of Linda P. Falcao, Esquire's letter dated April 28, 2003 attached hereto as Exhibit C.

7.     Dr. Michals' office charged $425.00 for plaintiff's failure to appear for the examination on April 28, 2003.   See copy of fax note from Dr. Michal's office attached as Exhibit D.

8.     On April 29, 2003, counsel for defendants faxed a letter to Ms. Falcao attempting to reschedule plaintiff's examination with Dr. Michals on either May 8 or May 9, 2003 at 9:15 a.m.  A copy of the aforementioned letter and facsimile confirmation is attached hereto as Exhibit E.

9.      At 6:31 p.m. on April 29, 2003, Ms. Falcao faxed a letter to defense counsel informing that plaintiff is now refusing to appear for an examination because the same cannot be rescheduled within the discovery period end date of April 30, 2003.  A copy of the aforementioned letter is attached hereto as Exhibit F.

10.      The full extent and nature of plaintiff's allegations of total psychiatric disability were not fully disclosed to the defense until plaintiff's deposition which concluded on April 24, 2003. Immediately after the deposition, defendants chose to address plaintiff's allegations of psychiatric disability by way of an examination with Dr. Michals.  In an effort to schedule the examination prior to the discovery end date and provide plaintiff adequate notice of the examination, defendants noticed the examination only a few hours after plaintiff's deposition concluded and scheduled the examination for April 28, two days before the discovery end date.

11.      Despite having approximately 90 hours prior notice of the scheduled examination with Dr. Michals, plaintiff chose not to notify either defense counsel or Dr. Michals that she would not be attending until approximately 1 ½ hours after the examination was scheduled to begin.

12.       After inexplicably failing to attend an examination noticed and scheduled within the discovery period, plaintiff takes the position that since the examination cannot be re-scheduled prior to the discovery end date, she will not attend.  See Exhibit F.  This abuse and manipulation of the discovery process should not be tolerated.

13.      Plaintiff also takes the position that she will not attend the examination because defendants cannot serve a report within the appropriate deadline.  See Exhibit F.  The scheduling order in this case  required all responsive expert reports to be served by April 30, 2003.  Dr. Michal's report would be responsive to plaintiff's allegations of total disability as set forth in her

expert psychologist's report and Dr. Michal's report could have been served prior to April 30, 2003 if plaintiff appeared for her examination as scheduled.  Consequently, plaintiff's position is without merit.

WHEREFORE,  defendants respectfully request that this Honorable Court compel plaintiff to appear for a physical and mental examination before Timothy J. Michals, M.D. within the next fifteen (15) days pursuant to Fed.R.Civ.P. 35(a).

WHITE AND WILLIAMS LLP

By:_____
          Robert Devine, Esquire
          Michael W. Horner, Esquire
          1800 One Liberty Place
          Philadelphia, PA 19103
          Attorneys for Defendants,
          Republic Western Insurance
Date:                  Company and James Wallete

Doc#: 177920 v1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LISA DOLAN COYLE | : | CIVIL ACTION |
| 3120 Maureen Drive | : | |
| Philadelphia, PA 19154 | : | |
| Plaintiff | : | NO: 02-CV-3619 |
| | : | |
| v. | : | |
| | : | |
| AMERCO t/a REPUBLIC WESTERN | : | Honorable Harvey J. Bartle, III |
| INSURANCE COMPANY | : | |
| 1 Ivybrook Boulevard, Suite 160 | : | |
| Ivyland, PA 18974 | : | |
| and | : | |
| JAMES WALLETE | : | |
| Defendants | : | |

**O R D E R**

AND NOW, this _____ day of _____, 2003, upon consideration of defendants motion to compel plaintiff's attendance at physical and mental examination pursuant to Fed.R.Civ.P.35(a), any response thereto, and for good cause having been shown, , it is hereby

ORDERED that plaintiff Lisa Coyle appear for a  mental and physical examination before Timothy J. Michals, M.D. at 125 South 9th Street, Ste 1003, Philadelphia, Pennsylvania within 15 days of the date of this Order; and it is

FURTHER ORDERED that plaintiff pay Dr. Michal's cancellation fee in the amount of $425.00 for failure to inform defendants or Dr. Michals that she would not be appearing for the examination scheduled on April 28, 2003.

_____
The Honorable Harvey J. Bartle, III, USDJ

Doc#: 177920 v1

## CERTIFICATE OF SERVICE

I, MICHAEL W. HORNER, ESQUIRE, hereby certify that I have, on this date, served a copy of Defendants, Republic Western Insurance Company and James Wallete's motion to compel plaintiff to attend a physical and mental examination pursuant to Fed.R.Civ.P. 35(a)  via facsimile and regular mail to:

Linda P. Falcao, Esquire
238 Harrogate Road
Wynnewood, PA 19096


Date:                                        _____
                                             MICHAEL W. HORNER

Doc#: 177920 v1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LISA DOLAN COYLE | : | CIVIL ACTION |
| 3120 Maureen Drive | : | |
| Philadelphia, PA 19154 | : | |
| Plaintiff | : | NO: 02-CV-3619 |
| | : | |
| v. | : | Honorable Harvey J. Bartle, III |
| | : | |
| AMERCO t/a REPUBLIC WESTERN | : | |
| INSURANCE COMPANY | : | |
| 1 Ivybrook Boulevard, Suite 160 | : | |
| Ivyland, PA 18974 | : | |
| and | : | |
| JAMES WALLETE | : | |
| Defendants | : | |

**CERTIFICATION IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL
PLAINTIFF'S ATTENDANCE AT PHYSICAL AND MENTAL EXAMINATION
PURSUANT TO F.R.Civ.P 35(a)**

I, Michael W. Horner, Esquire, hereby certify that I have attempted in good faith to confer with plaintiff's counsel with regard to the requested examination in order to schedule the same without court action and have been unsuccessful in doing so.

Date: _____        _____
                                      MICHAEL W. HORNER

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LISA DOLAN COYLE | : | CIVIL ACTION |
| 3120 Maureen Drive | : | |
| Philadelphia, PA 19154 | : | |
|      Plaintiff | : | NO: 02-CV-3619 |
| | : | |
|      v. | : | Honorable Harvey J. Bartle, III |
| | : | |
| AMERCO t/a REPUBLIC WESTERN | : | |
| INSURANCE COMPANY | : | |
| 1 Ivybrook Boulevard, Suite 160 | : | |
| Ivyland, PA 18974 | : | |
|      and | : | |
| JAMES WALLETE | : | |
|      Defendants | : | |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S
ATTENDANCE AT PHYSICAL AND MENTAL EXAMINATION
PURSUANT TO F.R.Civ.P 35(a)**

**I.    FACTUAL BACKGROUND**

     Defendants, Republic Western Insurance Company and James Wallete hereby

incorporate the facts set forth in the within motion.

**II.    LEGAL ARGUMENT**

     **A.    Plaintiff, Lisa Coyle, should be compelled to appear for a mental and
physical examination because she has alleged defendants' discrimination has
caused her mental and physical disabilities.**

     Fed.R.Civ.P. 35(a) states that:

     When the mental or physical condition . . . of a party . . . is in
controversy, the Court in which the action is pending may order the
party to submit to a physical or mental examination by a suitably
licensed or certified examiner . . .   The order may be made only on
motion for good cause shown and upon notice to the person to be
examined and to all parties and shall specify the time, place, manner,

> conditions and scope of the examination and the person or persons by
> whom it is to be made.

In this case, plaintiff claims that she is totally disabled from returning to any employment as a result of mental and physical conditions she attributes to gender discrimination she encountered while employed as a litigation manager with Republic Western Insurance Company under the supervision of claims manager, James Wallete. The full extent and scope of this allegation of total disability was revealed during plaintiff's deposition held on April 23 and April 24, 2003. Thereafter, defendants chose to submit plaintiff to an examination in order to address her allegations of physical and mental disabilities. Consequently, only a few hours after plaintiff's deposition was completed, defense counsel notified plaintiff's counsel that plaintiff's examination had been scheduled with psychiatrist Timothy J. Michals, M.D. for April 28, 2003 at 10:45 a.m. at his offices located at 125 South 9th Street, Ste 1003, Philadelphia, PA.

Plaintiff chose not to appear for the examination despite approximately 90 hours prior notice of the same. In addition, plaintiff chose not to notify either defense counsel or Dr. Michals that she would not appear for the examination and therefore Dr. Michals assessed a $425.00 cancellation fee.

Efforts to reschedule plaintiff's examination with Dr. Michals have been unsuccessful because plaintiff has now taken the position that she will not attend any future examination because it would be outside the discovery end date of April 30, 2003. Plaintiff, however, is the sole cause for the examination not being able to be scheduled within the discovery period. First, plaintiff chose not to request any depositions of defendants until the second week of April, 2003, thereby pushing her own deposition into the last week of April, 2003. Defendants, therefore, were not fully apprised of plaintiff's mental and physical disability claims until April 24, 2003. The examination

Doc#: 177920 v1

-2-

was noticed and scheduled immediately thereafter, within the discovery period. Second, the examination cannot be held within the discovery end date because plaintiff chose to ignore an examination noticed and scheduled within the discovery end date. This manipulation of the discovery process should not be tolerated.

It is undisputed that plaintiff  has placed her mental and physical condition into controversy in this action due to her allegations that she is totally disabled from returning to work due to mental and physical conditions she attributes to the gender discrimination which forms the basis of her complaint.  It is also undisputed that plaintiff was provided prior notice of the requested examination,  the identity of the examiner and the location time and place of the examination.  All of the elements required for this Court to compel plaintiff to attend a physical and mental examination under R.35 have been met.

Plaintiff's unexplained failure to notify defense counsel or Dr. Michals that she would not be appearing for her examination on April 28, 2003 despite her counsel having at least 90 hours prior notice of the examination should also not be countenanced.  Cancellation fees associated with examinations are standard in our practice and therefore plaintiff cannot reasonably argue that she was unaware of the repercussions of her failure to notify the defense or Dr. Michals that she will not attending her examination.  Plaintiff, therefore, should be held responsible for the cancellation fee of $425.00.

## III.    CONCLUSION

Based upon the aforementioned arguments, defendants, Republic Western Insurance Company and James Wallete, respectfully request this Honorable Court compel plaintiff's mental

Doc#: 177920 v1

and physical examination with Timothy J. Michals, M.D. within fifteen days and Order plaintiff to

reimburse Dr. Michals' $425.00 for her failure to appear for her examination scheduled for April

28, 2003.

WHITE AND WILLIAMS LLP


By: _____
        Robert Devine, Esquire
        Michael W. Horner, Esquire
        1800 One Liberty Place
        Philadelphia, PA 19103
        Attorneys for Defendants,
        Republic Western Insurance
Date:               Company and James Wallete