I.     INTRODUCTION

Defendants, Republic Western Insurance Company (hereinafter "Republic Western") and James Wallete (hereinafter "Mr. Wallete"), hereby incorporate their previously filed brief in support of their summary judgment herein in opposition to plaintiff's motion for summary judgment.

II.    LEGAL ARGUMENT

A.    **Plaintiff has failed to produce sufficient direct evidence to shift the burden of production and persuasion to defendants as a matter of law under a mixed-motives theory of gender discrimination and therefore summary judgment is favor of plaintiff is not warranted.**

Plaintiff's motion for summary judgment with respect to her gender discrimination claim is based upon her argument for application of the *Price Waterhouse* mixed-motives or "direct evidence" theory. Plaintiff's proofs, however, fail to qualify as "direct evidence" necessary for application of this theory, let alone entry of summary judgment on this theory.

Whether a discrimination case is determined under a pretext or a mixed-motives theory depends upon the quality of the evidence in support of the claim. *Walden v. Georgia -Specific Corp*, 126 F.3d 506, 513 (3d. Cir. 1997). A mixed-motives theory requires the employee to show "direct evidence that an illegitimate criterion was a substantial factor in the decision." *Price Waterhouse v. Hopkins*, 490 U.S. 228, 276, 109 S.Ct. 1775, 1804 (1989). This direct evidence must demonstrate that the "decisionmakers placed substantial negative reliance on an illegitimate criterion in reaching their decision." *Id*. at 277, 109 S.Ct. at 1805. The plaintiff must clear a "high hurdle" to permit application of a mixed-motives theory. *Walden* 126 F.3d at 513.

The "direct evidence" necessary for application of a mixed-motives theory can be made up of circumstantial evidence as long as that evidence can "fairly be said to directly reflect" the alleged

unlawful basis for the adverse employment decision. *Hook v. Ernst & Young*, 28 F.3d 366, 374 (3rd. Cir. 1994). That is, the circumstantial evidence must be "tied directly to the alleged discriminatory animus. *Id*. (quoting *Ostrowski v. Atlantic Mut. Ins. Co.*, 968 F.2d 171, 182 (2nd Cir. 1992). It is clear that not all evidence that is probative of illegitimate motives qualifies as "direct evidence" under a mixed motives theory. *Walden*, 126 F.3d at 513. For instance, the court has specifically stated that "stray remarks in the workplace, . . . statements by non decision-makers, or statements by decisionmakers unrelated to the decisional process itself. . ." do not constitute "direct evidence." *Price Waterhouse*, 490 U.S. at 277, 109 S.Ct. at 1805 (O'Connor, J. concurring). A decisionmaker's statements or policy documents which reflect a discriminatory animus must be "directly tied" to the adverse employment action in order for the evidence to qualify as "direct evidence." *Hook*, 28 F.3d at 374. "Thus, statements that are unconnected to the decision at issue, even if made by people who hold positions of the authority with the employer, are not direct evidence of unlawful discharge." *Walden*, 126 F.3d at 514.

   None of the evidence offered by plaintiff in this case qualifies as "direct evidence" of discriminatory animus and, therefore, a mixed-motives theory is not appropriate. Furthermore, even if this court were to find the evidence sufficient to support a finding of "direct evidence," reasonable minds could differ on that issue and therefore a genuine issue of material fact exists to preclude summary judgment under a mixed-motives theory.

   Plaintiff offers several statements of Mr. Wallete in support of application of the mixed-motives theory and burden shifting. See plaintiff's moving brief at pages 4-6. None of these statements, however, reach the "high hurdle" to qualify as "direct evidence" of discriminatory

animus. The following proposed statements are not gender specific and even if they were they cannot be "tied directly to" an adverse employment action taken against plaintiff.

> ! **Mr. Wallete told plaintiff not to bring her baby into the office her first day back from maternity leave.**

Reasonable minds could certainly interpret this instruction as nothing more than Mr. Wallete's attempt not to disrupt the work environment and not indicative of gender discrimination. See copy of Mr. Wallete's deposition transcript, at page 124, lines 9-21, submitted as Exhibit C to plaintiff's moving papers. It is not reasonable to infer that this statement was in any way a slight against women since women are certainly not the only spouse capable of bringing a baby into the office. Plaintiff attempts to convert this statement into a policy against women bringing babies into the office by citing in her post-deposition declaration that a male employee (Bob Dunstan) was permitted to bring a baby into the office. Plaintiff, however, provides no evidence for this court to compare the two situations so as to permit a reasonable inference that Mr. Wallete's instruction to plaintiff constituted a policy against women. Bob Dunstan was not a manager or even a supervisor in the office and the court is provided with no time frame by which a reasonable comparison can be made.

> ! **Mr. Wallete commented that plaintiff didn't have to bring her child with her on a business trip to Arizona in response to plaintiff's complaints about the airline delays.**

Again, reasonable minds could determine that this alleged statement was simply a commentary on plaintiff's travel-related decisionmaking and not a commentary on plaintiff's job performance or functions. The alleged statement is also gender neutral.

> ! **Mr. Wallete declined to accept plaintiff's proposal to work from home and allegedly made statements during their discussions regarding the proposal.**

Reasonable minds can differ as to whether this decision and the alleged statements reflect gender discrimination. Reasonable minds could conclude that Mr. Wallete's decision was gender neutral since he specifically stated in the email cited in plaintiff's moving papers that "[i]f this arrangement is allowed, I have 9 other **men and women** in this office who have children at home who have made special arrangements everyday, the greatest of which is **one partner** does not work to take care of the kids . . ." (emphasis added). Mr. Wallete's concern, as set out in his email, was to prevent a special situation for plaintiff's childcare issues when other "men and women" had the same issues and could not also be accommodated. The focus of his concern was for people with children, not women in particular.

Mr. Wallete's alleged statement to plaintiff during the work-at-home proposal that she should not have had kids could also be reasonably interpreted as gender neutral. This comment could apply just as equally to men as to women with difficultly arranging childcare with both parents working.

Plaintiff's allegation that Mr. Wallete questioned whether plaintiff had discussed her work-from-home proposal with her husband can also be reasonably interpreted as gender neutral. For instance, a reasonable factfinder could conclude that Mr. Wallete was seeking information as to how far along plaintiff was with her proposal, *i.e.* whether she still had to discuss it with her husband.

Reasonable minds could also conclude that Mr. Wallete also based his decision to reject plaintiff's work-at-home proposal because he needed her to be present in the office everyday as

a manager. See Mr. Wallete's deposition, page 42, line 4 through page 43, line 5, submitted as Exhibit C to plaintiff's moving papers.

Reasonable minds could conclude that Mr. Wallete's refusal to allow plaintiff to work from home was not even an adverse job action since no other employees within the office were entitled to the conditions proposed by plaintiff. See email cited in plaintiff's moving brief at page 6.

Finally, plaintiff offers declarations of former Republic Western Insurance Company employees, one of which, Margaret Trimble, is also suing the company for gender discrimination, in support of plaintiff's argument for a mixed motives theory. These declarations do not contain any evidence which qualifies as "direct evidence" necessary to apply a mixed-motives theory. In fact, the declarations do not contain any statements of Mr. Wallete which infer a gender motive to any of his decisionmaking. The declarations are limited to those employee's perception of Mr. Wallete's actions and their own subjective connection of his activities to gender discrimination. This type of evidence falls far short of the quality necessary for a mixed-motives theory.

None of the aforementioned evidence offered by plaintiff remotely resembles the quality of evidence which invoked the mixed-motives theory in the discrimination cases relied upon in plaintiff's moving papers.[1] For example, in *Fakete v. AETNA, Inc.*, 308 F.3d 355, 366 (3rd Cir. 2002), the Third Circuit held that a statement made by plaintiff's supervisor he wanted "younger" employees and warned the plaintiff that because of his age he "wouldn't be happy there in the future" was sufficient evidence for a the plaintiff to survive a motion for summary judgment under

---

[1] In fact, plaintiff failed to cite any case wherein a plaintiff successfully moved for summary judgment or directed verdict under a mixed-motives theory, the relief plaintiff is requesting in her moving papers.

a mixed-motives theory. A reasonable jury could conclude that such a statement in age discrimination case constituted "direct evidence" of discrimination because the statement was about the plaintiff's prospects for continued employment with the defendant and therefore not "random office banter" or an "innocuous conversational jab in a social setting." *Id*. at 339. The court reiterated that offensive remarks made by a decisionmaker unrelated to a plaintiff's job do not meet the high standard of proof under the mixed-motives theory. *Id.* The other example provided by plaintiff of a statement which qualified as "direct evidence" and thus permitted application of a mixed-motives theory involved a supervisor's statement several months before he demoted the plaintiff employee that he might replace her with someone "younger and cheaper." *Rose v. New York City Bd. of Ed.*, 257 F.3d 156 (2nd. Cir. 2001).

As demonstrated above, even if Mr. Wallete's statements offered as proof of "direct evidence" are considered gender specific, they were not made in the context of plaintiff's job performance or responsibilities and therefore do not support a mixed-motives theory. The examples of "direct evidence" in other cases make it clear that the decisionmaker's statements must directly connect a discriminatory motive to an adverse job action. In this case, there is no reasonable relationship between Mr. Wallete's alleged statements and any alleged adverse action he took with respect to plaintiff.

### III.     CONCLUSION

Based on the aforementioned arguments and those incorporated from defendants' motion for summary judgment, it is respectfully requested that this Honorable Court deny plaintiff's motion for summary judgment in its entirety.

                              Respectfully submitted,

                              WHITE AND WILLIAMS LLP

                            By:_____
                                Robert Devine, Esquire
                                Michael W. Horner, Esquire
                                1800 One Liberty Place
                                Philadelphia, PA 19103
                                Attorneys for Defendants,
                                Republic Western Insurance
Date:                           Company and James Wallete

## **CERTIFICATE OF SERVICE**

      I, MICHAEL W. HORNER, ESQUIRE, hereby certify that I have, on this date, served a copy of Defendants, Republic Western Insurance Company and James Wallette's Brief in Opposition to Plaintiff's Motion for Summary Judgment via facsimile and regular mail to:

Linda P. Falcao, Esquire
238 Harrogate Road
Wynnewood, PA 19096



Date:                                                                                          MICHAEL W. HORNER

Doc#: 179968 v1

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -ii-

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

II.     LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

        A.     **Plaintiff has failed to produce sufficient direct evidence to shift the burden of production and persuasion to defendants as a matter of law under a mixed- motives theory of gender discrimination and therefore summary judgment is favor of plaintiff is not warranted.** . . . . . . . . . . . . . . . . . -1-

III.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA DOLAN COYLE<br>3120 Maureen Drive<br>Philadelphia, PA 19154<br>　　　　　Plaintiff<br><br>　　　v.<br><br>AMERCO t/a REPUBLIC WESTERN<br>INSURANCE COMPANY<br>1 Ivybrook Boulevard, Suite 160<br>Ivyland, PA 18974<br>　　　and<br>JAMES WALLETE<br>　　　　　Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br><br>NO: 02-CV-3619<br><br>Honorable Harvey J. Bartle, III |

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**


　　　　　　　　　　　　　　　　　　WHITE AND WILLIAMS LLP


　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　Robert Devine, Esquire
　　　　　　　　　　　　　　　　Michael W. Horner, Esquire
　　　　　　　　　　　　　　　　1800 One Liberty Place
　　　　　　　　　　　　　　　　Philadelphia, PA 19103
　　　　　　　　　　　　　　　　Attorneys for Defendants,
　　　　　　　　　　　　　　　　Republic Western Insurance
Date:　　　　　　　　　　　　　　Company and James Wallete


Doc#: 179968 v1