IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA DOLAN COYLE<br>3120 Maureen Drive<br>Philadelphia, PA 19154<br>　　　　　Plaintiff<br><br>　　v.<br><br>AMERCO t/a REPUBLIC WESTERN<br>INSURANCE COMPANY<br>1 Ivybrook Boulevard, Suite 160<br>Ivyland, PA 18974<br>　　　　and<br>JAMES WALLETE<br>　　　　　Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br><br>NO: 02-CV-3619 |

**DEFENDANTS' MOTION IN LIMINE TO
BIFURCATE COMPENSATORY AND PUNITIVE DAMAGES**

**I.    FACTUAL BACKGROUND**

Plaintiff, Lisa Coyle ("plaintiff"), alleges that she experienced gender discrimination while employed as a litigation manager at defendant, Republic Western Insurance Company's ("Republic Western") Ivyland, Pennsylvania office. Plaintiff alleges that the discrimination was committed by defendant, James Wallete ("Mr. Wallete"), the claims manager of the Ivyland office and plaintiff's supervisor, from the period of January 3, 2000 until August 28, 2000.

On or about June 6, 2002, plaintiff filed the within Complaint against Republic Western and Mr. Wallete with counts based upon Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act (PHRA), retaliation, aiding and abetting in violation of the PHRA, intentional infliction of emotional distress and defamation (dismissed by summary judgment). Plaintiff's

Doc#: v

gender discrimination is based upon theories of hostile work environment and disparate treatment. The complaint seeks both compensatory and punitive damages.

## II. LEGAL ARGUMENT

### A. Plaintiff's Compensatory Damages And Punitive Damages Claims Should Be Bifurcated To Avoid The Dangers Of Unfair Prejudice.

Fed. R. Civ. P. 42 governs generally the bifurcation of issues in federal cases. The rule states, in pertinent part:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaim, or third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by statute of the United States.

Fed. R. Civ. P. 42(b)

Pursuant to this Rule, it is well settled under Third Circuit jurisprudence that the decision to bifurcate the trials for compensatory and punitive damages lies within the trial court's discretion. *See,* e.g., *Emerick v. U.S. Suzuki Motor Corp.*, 750 F.2d 19, 22 (3d Cir. 1984). Indeed, federal courts facing the decision of whether to bifurcate portions of a trial "must weigh the various considerations of convenience, prejudice to the parties, expedition, and the economy of resources." *See id.* Though courts must consider all of these factors, the primary focus should be upon whether non-bifurcation will prejudice the defendants.

Those aforementioned factors weighed in favor of bifurcating compensatory and punitive damages in a case before this Court involving claims very similar to those asserted in this case. *Police Officer Carter-Herman v. City of Philadelphia*, 1996 W.L. 745227 (E.D. Pa. 1996)(Hon.

Harvey J. Bartle, III).  In that case, two female Philadelphia police officers sued the City and police officers of various ranks alleging hostile work environment, quid pro quo sexual harassment, retaliation and intentional infliction of emotional distress. The Court decided that the "scales of prejudice tipped in favor of bifurcating the punitive damages phase" because "[a] charge on punitive damages during the primary trial could have prejudiced the City severely, tempting the jury to award excessive compensatory damages against a defendant with deep pockets."  Ultimately, the Court held that bifurcation was more convenient, expedient and economical.  *Id.* at 6.

The same considerations which required bifurcation in *Carter-Herman* exist in this case and therefore the same result should follow.  Plaintiff's claims in this case involve sexual harassment, hostile work environment and intentional infliction of emotional distress, just as in *Carter-Herman*. The fear that a jury considering proof of punitive damages might award excessive compensatory damages because of the presence of a deep pocket defendant such as the City of Philadelphia is arguably even stronger in this case where the perceived deep pocket defendant is an insurance company.

Other Courts within the Third Circuit have also addressed the wisdom in bifurcating punitive and compensatory damages.  In *Hall v. Babcock & Wilcox Co.*, 69 F.Supp.2d 716,733 (W.D. Pa. 1999) the District Court ordered a new trial for defendants who were found liable in a trial in which the court refused to bifurcate the issues of compensatory and punitive damages. The defendants in *Hall* were operators of a nuclear fabrication facility who were sued by various local residents who had developed cancer as a result of their close proximity to the nuclear facility. *See Id..* at 719.

While the *Hall* jury returned a verdict in favor of the plaintiffs, the District Court granted a new trial for various reasons, one of which concerned the trial court's refusal to bifurcate

compensatory and punitive damages. *See Id.* at 733. Initially, the court noted that it would have been inconvenient for plaintiffs to have to prove the compensatory and punitive damages separately as some of the evidence and witnesses would overlap. *See Id.* The Court stated, however, that "the prejudice suffered by Defendants as a result of the introduction of this evidence in the liability and compensatory damage phase of this case outweighed any inconvenience suffered by Plaintiffs." *Id.* Indeed, because both types of damages were tried together, the court found that "the sequence of the trial may well have led the jury to conclude that any award they made to Plaintiffs should include not only what would compensate Plaintiffs, but also what might punish Defendants." *Id.* In other words, "there is no reason to believe that the jury did not place all the evidence of Defendants' wrongful conduct on the scale when determining whether Plaintiffs met their burden of proof on the issues of liability and compensatory damages." *Id.* Also, it was of no import to the District Court that the jury was specifically instructed with regard to the punitive portion of the damages as "prior to their initial deliberations, they were told to consider **all the evidence**, some of which applied only to a punitive damage award." *Id.*(emphasis added).

      With similar reasoning, the Third Circuit also upheld a trial court's decision to bifurcate punitive and compensatory damages where failure to do so would unfairly prejudice the defendants. Indeed, in the underlying case surrounding *Emerick, v. U.S. Suzuki Motor Corp.*, 750 F.2d 19, 22 (3d Cir. 1984), the Middle District of Pennsylvania presided over a products liability case dealing with a faulty motorcycle kick-stand which allegedly caused the operator of the motorcycle to crash and sustain fatal injuries. *See Id.* at 20-21. The deceased's parents brought suit against the Suzuki Motor Company on behalf of his estate and sought both compensatory and punitive damages. *See Id.* at 21. The trial court decided to bifurcate the trial into separate liability and damages phases,

leaving, over the plaintiffs' opposition, the issue of punitive damages to the damages portion. *Id.* The jury ultimately returned a verdict in favor of Suzuki by finding that the kick-stand was not defective. *Id.*

On appeal, plaintiffs argued, among other things, that the court erred in bifurcating the trial. *See Id.* at 22. The Third Circuit upheld the trial court's decision to bifurcate by holding that the court was well within its discretion to conduct the trial in this manner. *See Id.* Furthermore, the court noted that because of the various theories of liability presented at trial, "allowing the question of punitive damages and its corresponding inquiry into conduct to be litigated at the liability state of the trial would confuse the jury and unfairly prejudice Suzuki." *Id.* Accordingly, the plaintiffs "were not entitled to submit the issue of punitive damages to the jury until they first established Suzuki's liability for compensatory damages." *Id.*

### III.   CONCLUSION

Based upon the aforementioned arguments, defendants, Republic Western Insurance Company and James Wallete, respectfully request that this Honorable Court grant the within motion *in limine* and bifurcate compensatory damages from punitive damages in this case.

**Respectfully submitted,**

**WHITE AND WILLIAMS LLP**

By:_____
    Robert Devine, Esquire
    Michael W. Horner, Esquire
    1800 One Liberty Place
    Philadelphia, PA 19103
    Attorneys for Defendants,
    Republic Western Insurance
Date:    Company and James Wallete

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA DOLAN COYLE<br>3120 Maureen Drive<br>Philadelphia, PA 19154<br>　　　　　　Plaintiff | :<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br><br>NO: 02-CV-3619 |
| v. | :<br>: | |
| AMERCO t/a REPUBLIC WESTERN<br>INSURANCE COMPANY<br>1 Ivybrook Boulevard, Suite 160<br>Ivyland, PA 18974<br>　　　　and<br>JAMES WALLETE<br>　　　　　　Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Honorable Harvey J. Bartle, III |

**O R D E R**

AND NOW, this _____ day of _____, 2003, upon consideration of defendants' motion in limine to bifurcate compensatory and punitive damages and plaintiff's response thereto, if any, it is hereby **ORDERED** that the within motion is hereby **GRANTED**; and it is

**FURTHER ORDERED** that plaintiff's compensatory damages claims are bifurcated from plaintiff's punitive damages claims.

　　　　　　　　　　　　　　　　　　　　　　　　　　IT IS SO ORDERED:

　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　The Honorable Harvey J. Bartle, III, USDJ

Doc#: 181642 v1

## **CERTIFICATE OF SERVICE**

      I, MICHAEL W. HORNER, ESQUIRE, hereby certify that I have, on this date, served the attached copy of Defendants, Republic Western Insurance Company and James Wallete's Motion in Limine via facsimile and regular mail to:

Linda P. Falcao, Esquire
238 Harrogate Road
Wynnewood, PA 19096

                                                  Michael W. Horner

Date:

Doc#: 181642 v1