## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA DOLAN COYLE | : | CIVIL ACTION |
| 3120 Maureen Drive | : | |
| Philadelphia, PA 19154 | : | |
|         Plaintiff | : | NO: 02-CV-3619 |
| | : | |
|       v. | : | Honorable Harvey J. Bartle, III |
| | : | |
| AMERCO t/a REPUBLIC WESTERN | : | |
| INSURANCE COMPANY | : | |
| 1 Ivybrook Boulevard, Suite 160 | : | |
| Ivyland, PA 18974 | : | |
|      and | : | |
| JAMES WALLETE | : | |
|         Defendants | : | |

## DEFENDANT'S MOTION IN LIMINE TO PRECLUDE UNSWORN DECLARATIONS

### I.    FACTUAL BACKGROUND

Plaintiff, Lisa Coyle ("plaintiff"), alleges that she experienced gender discrimination while employed as a litigation manager at defendant, Republic Western Insurance Company's ("Republic Western") Ivyland, Pennsylvania office. Plaintiff alleges that the discrimination was committed by defendant, James Wallete ("Mr. Wallete"), the claims manager of the Ivyland office and plaintiff's supervisor, from a period of January 3, 2000 until August 28, 2000.

Plaintiff's Pretrial Memorandum identifies unsworn declarations of plaintiff and three former employees of Republic Western (Margaret Trimble, Gina Fusca and Catherine McNeil) as trial exhibits. None of the former Republic Western Insurance Company's employees who provided declarations are parties to this case nor were they ever within Republic Western's litigation control group or authorized to speak on behalf of Republic Western. None of the aforementioned three

former Republic Western employees have been deposed in this case.  Upon information and belief,
Ms. Trimble and Ms. Fusca reside within the district of this Court and Ms. McNeil resides in
Arizona.

## II.    LEGAL ARGUMENT

### A.    The unsworn declarations are hearsay statements which do not fall under any exceptions and are therefore inadmissible.

Federal Rule of Evidence 801 defines hearsay as a "statement .... offered in evidence to prove
the truth of the matter asserted."  Out-of-court statements can be excluded from the definition of
hearsay if they are statements of a trial witness subject to cross-examination and the statement is,
among other things,  inconsistent with the witness' trial testimony and was given under oath subject
to the penalty of perjury at a trial, hearing or other proceeding, or in a deposition.  Such statements
may also be excepted from the definition of hearsay if it is consistent with the witnesses' testimony
and is offered to rebut an expressed or implied charge against the witness of recent fabrication or
improper influence.  Fed.R.Evid. 801(d)(1).  An out-of-court statement may also fall outside the
definition of hearsay if the declarant is a party or acting in a representative capacity of a party
authorized by the party to make a statement concerning the subject of the statement is made by the
party's employee concerning a matter within the scope of the employment during the existence of
the employment relationship, among other things.  Fed.R.Evid. 801(d)(2).

An exception to the hearsay rule exists if process or other reasonable means cannot force the
declarant to be at trial.  Fed.R.Evid. 804(a)(5).  Testimony of such an unavailable declarant is
excepted from the hearsay rule if the testimony was given as a witness at another hearing or in a

Doc#: 181538 v1

deposition at which the party against whom the testimony is now offered had an opportunity and similar motive to develop testimony by direct, cross or redirect examination.  Fed.R.Evid.804(b)(1).

In this case, the declarations identified as trial exhibits are classic hearsay in that they were out-of-court statements that are being offered for the truth of the matters contained therein.  These declarations do not fall outside the definition of hearsay as a prior statement by a witness since it is unclear whether the declarant will testify at the time of trial and the declarations do not qualify as the declarant's testimony under oath as is required by Rule 801.  Secondly, the declarations do not fall outside the definition of hearsay as an admission by a party opponent.  Although all the declarants are former employees of Republic Western, none of the declarants were authorized to make any statements concerning the subject matter on behalf of Republic Western and none of the declarations were made while the declarants were employees of Republic Western, both of which are the relevant requirements for the declarations to be admissions.   See Rule 801(d)(2)C and D.


Finally the proposed declarations do not fall within any of the hearsay exceptions.  It is anticipated that plaintiff may seek to declare Ms. McNeil, a residence of Arizona, unavailable for trial and thereby request the Court to consider her declaration as an exception to the hearsay rule as former testimony.  Rule 804(b)(1).  This exception, however, is not applicable since although Ms. McNeil may not be within the subpoena power of this District Court, her declaration does not qualify as former testimony under Rule 804.  This hearsay exception only considers testimony given by the declarant at another hearing of the same or a different proceeding or in a deposition in the courts of the same or another proceeding.  Ms. McNeil's unsworn declaration is not testimony in this case or another case and therefore cannot meet the requirements of this hearsay exception.

Doc#: 181538 v1

Doc#: 181538 v1

## III.    CONCLUSION

Based upon the aforementioned arguments, defendants, Republic Western Insurance Company and James Wallete, respectfully request that this Honorable Court grant the within motion in limine and preclude the unsworn declarations of plaintiff, Catherine McNeil, Margaret Trimble and Gina Fusca from being offered as evidence at the time of trial.

**Respectfully submitted,**

**WHITE AND WILLIAMS LLP**

By:_____
　　　　　Robert Devine, Esquire
　　　　　Michael W. Horner, Esquire
　　　　　1800 One Liberty Place
　　　　　Philadelphia, PA 19103
　　　　　Attorneys for Defendants,
　　　　　Republic Western Insurance
Date:　　　　　Company and James Wallete

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LISA DOLAN COYLE | : | CIVIL ACTION |
| 3120 Maureen Drive | : | |
| Philadelphia, PA 19154 | : | |
| Plaintiff | : | NO: 02-CV-3619 |
| | : | |
| v. | : | |
| | : | |
| AMERCO t/a REPUBLIC WESTERN | : | Honorable Harvey J. Bartle, III |
| INSURANCE COMPANY | : | |
| 1 Ivybrook Boulevard, Suite 160 | : | |
| Ivyland, PA 18974 | : | |
| and | : | |
| JAMES WALLETE | : | |
| Defendants | : | |

**O R D E R**

AND NOW, this _____ day of _____, 2003, upon consideration of defendants' motion in limine to preclude evidence of unsworn declarations and plaintiff' response thereto, if any, it is hereby **ORDERED** that the within motion is hereby **GRANTED**, and it is

**FURTHER ORDERED** that plaintiff is prohibited from introducing the unsworn declarations of Lisa Coyle, Catherine McNeil, Margaret Trimble and Gina Fusca at the time of trial, subject to the possible exceptions contained within Rule 801(d)(1) of the Federal Rules of Evidence should the aforementioned witnesses testify at the trial in this matter.

_____
The Honorable Harvey J. Bartle, III, USDJ

Doc#: 181538 v1

## CERTIFICATE OF SERVICE

I, MICHAEL W. HORNER, ESQUIRE, hereby certify that I have, on this date, served the

attached copy of Defendants, Republic Western Insurance Company and James Wallette's Motion

in Limine via facsimile and regular mail to:

Linda P. Falcao, Esquire
238 Harrogate Road
Wynnewood, PA 19096



Date: _____                          _____
                                                 MICHAEL W. HORNER