IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA DOLAN COYLE<br>3120 Maureen Drive<br>Philadelphia, PA 19154<br>　　　　　　Plaintiff | :<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br><br>NO: 02-CV-3619 |
| v. | :<br>: | |
| AMERCO t/a REPUBLIC WESTERN<br>INSURANCE COMPANY<br>1 Ivybrook Boulevard, Suite 160<br>Ivyland, PA 18974<br>　　　and<br>JAMES WALLETE<br>　　　　　　Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE
REGARDING ALLEGED INCIDENTS OF RACIAL DISCRIMINATION**

**I.　　FACTUAL BACKGROUND**

Plaintiff, Lisa Coyle ("plaintiff"), alleges that she experienced gender discrimination while employed as a litigation manager at defendant, Republic Western Insurance Company's ("Republic Western") Ivyland, Pennsylvania office. Plaintiff alleges that the discrimination was committed by defendant, James Wallete ("Mr. Wallete"), the claims manager of the Ivyland office and plaintiff's supervisor, from a period of January 3, 2000 until August 28, 2000.

Plaintiff's complaint against Republic Western and Mr. Wallete contains counts based upon Title VII of the Civil Right Act of 1964, the Pennsylvania Human Relations Acts (PHRA), retaliation, aiding and abetting in violation of the PHRA, intentional infliction of emotional stress and defamation (dismissed by summary judgment). Plaintiff's discrimination claims are based entirely upon gender under theories of hostile work environment and disparate treatment.

During discovery, plaintiff produced a declaration of Republic Western's former employer, Margaret Trimble. The declaration contains a paragraph which described comments allegedly made by a former employee of Republic Western, Bill Artman, elevated to manager **after** plaintiff and Mr. Wallete left Republic Western. The pertinent paragraph reads as follows:

> Republic Western seemed to be repetitive in hiring managers who do things like that. Bill Artman, <u>hired after Jim</u>, called a young black man, "Buckwheat." This young man was very nice, was on the fast track. He is no longer with the company and I believe he sued them. Once we were going to get together for birthday cake for an employee's birthday, and somebody announced, "cake for everyone." Bill said, in front of Fred Marr, (a black BI adjuster), "Only white folks are invited." I was embarrassed. Bill would say to Tracy, a black employee, "Come into my office, Tracy, you're my sweet black-eyed pea."

Although the aforementioned declaration is hearsay, plaintiff has identified Margaret Trimble as a potential trial witness and defendants anticipate that plaintiff will attempt to elicit testimony from Ms. Trimble regarding the above racially-based comments and perhaps additional incidents of alleged racial discrimination.

## II.   LEGAL ARGUMENT

### A.   Evidence regarding racially-based comments and other alleged racial discrimination is irrelevant and inadmissable in this case.

Rule 401 of the Federal Rules of Evidence defines "relevant evidence" to mean "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 402 states that: "evidence that is not relevant is not admissible."

In the case herein, plaintiff's allegations are based entirely upon gender discrimination. Plaintiff is not a member of a protected racial class and none of her allegations are based upon race

Doc#: 181490 v1

discrimination. The race-based comments contained within Ms. Trimble's declaration as well as any other evidence regarding allegations of race discrimination which plaintiff may attempt to elicit at trial do not tend to prove any elements of plaintiff's gender discrimination claims in this case. In addition the alleged comments were made <u>after</u> both Mr. Wallete and plaintiff left the company and do not tend to prove that racial discrimination exists during the time period the individual parties were employed with Republic Western.  Consequently, such evidence is not relevant and not admissible pursuant to Rule 402.

Other courts which have addressed this issue have reached the same decision.  For instance, in *Rauh v. Coyne*, 744 F.Supp. 1181 (D.D.C. 1990), the District Court precluded an employee from introducing evidence of an employer's alleged racial discrimination when the employee's case was entirely based upon sex discrimination.  The Court held that "there is little reason in common experience to infer that an employer who discriminates against blacks in his employment decisions is also likely to discriminate against women." *Id*. at 1183.  The Court, therefore, found a distinction between racial and gender discrimination and barred the evidence of racial discrimination as irrelevant.

Other courts have also found racial discrimination irrelevant to other forms of discrimination besides gender.  In *Kelly v. Boeing Petroleum Services, Inc.*, 61 F.3d 350, 358 (5th Cir. 1995), the Fifth Circuit found there to be a "tenuous relationship" between alleged racially, derogatory comments of the plaintiff's immediate supervisor and plaintiff's claims based upon handicap discrimination.  Similarly, another District Court has held that allegations of race discrimination are not relevant to a claim of national origin discrimination.  *Kun v. Finnegan, Henderson, Farabow, Garrett & Dunner,* 949 F.Supp. 13, 19 (D.D.C. 1996).

**B.**   **Evidence of alleged racially derogatory comments and evidence of other alleged racial discrimination is also inadmissible because its probative value substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury.**

Not all evidence is admissible. Fed.R.Evid. 402. For instance, Rule 402 states that "although relevant, evidence maybe excluded if its probative value is substantially outweighed by the danger of an unfair prejudice, confusion of the issues or misleading the juror. . ."

In this case, even if evidence of alleged racial discrimination is found to be relevant, its probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury. First, the person who allegedly made the comments contained within Ms. Trimble's declaration, Bill Artman, was the manager <u>after</u> Mr. Wallete and plaintiff had left Republic Western. If a jury were to here evidence concerning these comments, they maybe confused into believing that they are able to consider alleged racially derogatory comments **<u>after</u>** plaintiff left Republic Western when deciding whether Republic Western discriminated against plaintiff based upon gender. Evidence of racially derogatory comments would also likely inflame a jury's passions against Republic Western thereby influencing their decision on an improper basis. See *Kelly*, 61 F.3d. at 360 (precluding evidence of alleged racial discrimination in a handicap discrimination case pursuant to Rule 403 because of the danger of unfair prejudice).

### III.   CONCLUSION

Based upon the aforementioned arguments, defendants, Republic Western Insurance Company and James Wallete, respectfully request that this Honorable Court grant the within motion and preclude plaintiff's from introducing any evidence in this case regarding alleged racially derogatory comments and other evidence concerning alleged racial discrimination at Republic Western Insurance Company.

**Respectfully submitted,**

**WHITE AND WILLIAMS LLP**


By:_____
    Robert Devine, Esquire
    Michael W. Horner, Esquire
    1800 One Liberty Place
    Philadelphia, PA 19103
    Attorneys for Defendants,
    Republic Western Insurance
    Company and James Wallete

Date:

Doc#: 181490 v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA DOLAN COYLE<br>3120 Maureen Drive<br>Philadelphia, PA 19154<br>　　　　　　Plaintiff | : <br> : <br> : <br> : | CIVIL ACTION<br><br>NO: 02-CV-3619 |
| v. | : <br> : | |
| AMERCO t/a REPUBLIC WESTERN<br>INSURANCE COMPANY<br>1 Ivybrook Boulevard, Suite 160<br>Ivyland, PA 18974<br>　　　　and<br>JAMES WALLETE<br>　　　　　　Defendants | : <br> : <br> : <br> : <br> : <br> : <br> : | Honorable Harvey J. Bartle, III |

**O R D E R**

AND NOW, this _____ day of _____, 2003, upon consideration of defendants' motion in limine to preclude evidence of alleged racial discrimination and plaintiff's response thereto, if any, it is hereby **ORDERED** that the within motion is hereby GRANTED; and

It is **FURTHER ORDERED** that plaintiff is prohibited from introducing any evidence of racially derogatory comments or any other evidence sought to show racial discrimination at Republic Western Insurance Company at the time of trial in this matter.

　　　　　　　　　　　　　　　　　　　　　　　　IT IS SO ORDERED:

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　The Honorable Harvey J. Bartle, III, USDJ

Doc#: 181490 v1

## **CERTIFICATE OF SERVICE**

    I, MICHAEL W. HORNER, ESQUIRE, hereby certify that I have, on this date, served the attached copy of Defendants, Republic Western Insurance Company and James Wallette's Motion in Limine via facsimile and regular mail to:

Linda P. Falcao, Esquire
238 Harrogate Road
Wynnewood, PA 19096

                                              Michael W. Horner

Date:

Doc#: 181490 v1