IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA DOLAN COYLE<br>3120 Maureen Drive<br>Philadelphia, PA 19154<br>         Plaintiff<br><br>         v.<br><br>AMERCO t/a REPUBLIC WESTERN<br>INSURANCE COMPANY<br>1 Ivybrook Boulevard, Suite 160<br>Ivyland, PA 18974<br>         and<br>JAMES WALLETE<br>         Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br><br>NO: 02-CV-3619<br><br>Honorable Harvey J. Bartle, III |

**DEFENDANTS' MOTION IN LIMINE TO DEDUCT
ALL WORKERS' COMPENSATION INDEMNITY PAYMENTS AND DISABILITY
PAYMENTS FROM ANY BACK AND FRONT PAY AWARDS**

**I.      FACTUAL BACKGROUND**

Plaintiff, Lisa Coyle ("plaintiff"), alleges that she experienced gender discrimination while employed as a litigation manager at defendant, Republic Western Insurance Company's ("Republic Western") Ivyland, Pennsylvania office. Plaintiff alleges that the discrimination was committed by defendant, James Wallete ("Mr. Wallete"), the claims manager of the Ivyland office and plaintiff's supervisor, from a period of January 3, 2000 until August 28, 2000.

On or about June 6, 2002, plaintiff filed the within complaint against Republic Western and Mr. Wallete with counts based upon Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act (PHRA), retaliation, aiding and abetting in violation of the PHRA, intentional

infliction of emotional distress and defamation (dismissed by summary judgment). Plaintiff's gender discrimination is based upon theories of hostile work environment and disparate treatment.

Since her departure from Republic Western on August 28, 2000, plaintiff has sought and received workers' compensation benefits as well as disability benefits provided through her employment with Republic Western.

Liberty Mutual Insurance Company has paid plaintiff a total of $20,047.24 for reimbursement of plaintiff's lost wages from August 28, 2000 to April 2, 2001. Oxford Life Insurance Company paid plaintiff a total of $83,689.20 through January 31, 2003 as reimbursement for plaintiff's lost wages for alleged disability. The insurance premiums supporting both the Liberty Mutual and Oxford Life policies and subsequent payments were paid entirely by Republic Western.

## II.     LEGAL ARGUMENT

### A.     All workers' compensation and disability payments to plaintiff based upon lost income should be deducted from any back or future pay awards.

The "collateral source rule" permits a plaintiff to recover "more than once for the same injury provided these recoveries come from different sources." *Mason v. The Association for Independent Growth,* 817 F.Supp. 550, 556 (E.D.Pa. 1993). The rationale behind this rule is that a wrongdoer should not get the benefit of payments that come to a plaintiff from a source collateral to the defendant. *Id.*

Based upon the aforementioned reasoning, this Court has held that workers' compensation benefits paid to a plaintiff/employee for lost wages are distinguishable from collateral benefits and, therefore, can be deducted from any back pay award. *Mason*, 817 F.Supp. at 557. The Court based

this decision on two factors.  First, workers' compensation benefits "come directly and entirely from the employer or from the insurance premiums paid solely by the employer and there is no "unjust windfall on the wrongdoer" nor is there is any deterrent value.  *Id.*  Second, since a workers' compensation award relating to lost wages is a compensation measure, it is a fair exchange for relinquishing every other right of action against the employer."  *Id.*  In other words, the Court found that since workers' compensation benefits and a back pay awards seek to accomplish similar goals in compensating the employee for wages lost during a period of disability, deducting workers' compensation benefits from a back pay award is appropriate.  Otherwise, the court would be imposing a "punitive double payment" upon an employer and an employee would receive an "unwarranted double recovery" which would make him or her more than "whole."  *Id.* at 557-58

In this case, plaintiff is seeking $180,000 in backpay which represents her last salary of approximately $60,000 per year for three years (8/28/00 - 8/28/03).  Plaintiff has received, however, approximately $103,000 in payments from the workers' compensation carrier ($20,047.24) and the disability insurance carrier ($83,689.20) as reimbursement for her lost wages during her alleged period of disability.  Since these payments were not made by a third party, but rather on behalf of the alleged wrongdoer in this case, Republic Western, they do not qualify as collateral benefits.

The workers compensation and disability benefits paid to plaintiff were funded entirely by insurance premiums paid by Republic Western and therefore they should be deducted from any backpay.  In other words, the alleged wrongdoer in this case, Republic Western, has already paid plaintiff once for her alleged lost income and therefore should not be forced to pay her again for the same exact damages, a punitive measure, and make plaintiff more than "whole."  Thus, the most just and equitable result is to permit deduction of all workers' compensation and disability payments

made to plaintiff which represent lost income to be deducted from any back pay award. If such benefits continue into the future they should likewise be deducted from any front pay award.

### III. CONCLUSION

Based upon the aforementioned arguments, defendants, Republic Western Insurance Company and James Wallete, respectfully request that this Honorable Court grant the within motion *in limine* and deduct all workers' compensation and disability benefits payments made by Liberty Mutual Insurance Company and/or Oxford Life Insurance Company to plaintiff from any backpay award and, if appropriate, from any frontpay award.

Respectfully Submitted,

WHITE AND WILLIAMS LLP

By:_____
    Robert Devine, Esquire
    Michael W. Horner, Esquire
    1800 One Liberty Place
    Philadelphia, PA 19103
    Attorneys for Defendants,
    Republic Western Insurance
Date:    Company and James Wallete

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA DOLAN COYLE<br>3120 Maureen Drive<br>Philadelphia, PA 19154<br>　　　　　Plaintiff<br><br>v.<br><br>AMERCO t/a REPUBLIC WESTERN<br>INSURANCE COMPANY<br>1 Ivybrook Boulevard, Suite 160<br>Ivyland, PA 18974<br>　　　　and<br>JAMES WALLETE<br>　　　　　Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br><br>NO: 02-CV-3619<br><br><br><br>Honorable Harvey J. Bartle, III |

**O R D E R**

　　　　AND NOW, this _____ day of _____, 2003, upon consideration of defendants' motion *in limine* to deduct workers' compensation and disability payments from any back pay and/or front pay awards, and plaintiff's response thereto, if any, it is hereby **ORDERED** that the within motion is hereby **GRANTED**, and it is

　　　　**FURTHER ORDERED** that all workers' compensation benefits paid by Liberty Mutual Insurance Company to plaintiff, Lisa Coyle, with respect to lost income are to be deducted from any backpay award and, if appropriate, from any front pay award if such benefits are to continue in the future; and it is

　　　　**FURTHER ORDERED** that all payment from Oxford Life Insurance Company to plaintiff, Lisa Coyle, representing lost income be deducted from any back pay award and, if appropriate; from any front pay award if such benefits are to continue in the future.

Doc#: 181510 v1

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　The Honorable Harvey J. Bartle, III, USDJ

Doc#: 181510 v1

## CERTIFICATE OF SERVICE

    I, MICHAEL W. HORNER, ESQUIRE, hereby certify that I have, on this date, served the attached copy of Defendants, Republic Western Insurance Company and James Wallette's Motion *in Limine* via facsimile and regular mail to:

Linda P. Falcao, Esquire
238 Harrogate Road
Wynnewood, PA 19096


Date:                                                                                        MICHAEL W. HORNER