IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA DOLAN COYLE<br>3120 Maureen Drive<br>Philadelphia, PA 19154<br>　　　　　Plaintiff<br><br>　　　v.<br><br>AMERCO t/a REPUBLIC WESTERN<br>INSURANCE COMPANY<br>1 Ivybrook Boulevard, Suite 160<br>Ivyland, PA 18974<br>　　　and<br>JAMES WALLETE<br>　　　　　Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br><br>NO: 02-CV-3619<br><br>Honorable Harvey J. Bartle, III |

**DEFENDANT'S MOTION *IN LIMINE* TO COLLATERALLY ESTOP PLAINTIFF
FROM ARGUING DISABILITY BEYOND APRIL 2, 2001 AND PRECLUDING
PLAINTIFF FROM SEEKING TO COLLATERALLY ESTOP DEFENDANTS FROM
ARGUING AGAINST GENDER DISCRIMINATION AND CAUSATION**

**I.     FACTUAL BACKGROUND**

　　　Plaintiff, Lisa Coyle ("plaintiff"), alleges that she experienced gender discrimination while employed as a litigation manager at defendant, Republic Western Insurance Company's ("Republic Western") Ivyland, Pennsylvania office. Plaintiff alleges that the discrimination was committed by defendant, James Wallete ("Mr. Wallete"), the claims manager of the Ivyland office and plaintiff's supervisor, from a period of January 3, 2000 until August 28, 2000.

　　　On or about September 27, 2000, plaintiff filed a Claim Petition for Workers' Compensation with the Commonwealth of Pennsylvania, Department of Labor and Industry alleging, among other things, that Mr. Wallete sexually harassed plaintiff causing physical and emotional injuries which

rendered her fully disabled from working as of August 28, 2000. A copy of plaintiff's Petition is attached as Exhibit A.

On or about March 16, 2001, the Workers' Compensation Court barred AMERCO, plaintiff's identified employer, from offering any defense to plaintiff's petition, other than as to the length of plaintiff's disability on and after January 8, 2001. This Order was based upon plaintiff's motion to bar all defendant's defenses pursuant to *Yellow Freight System, Inc. v. Workmen's Compensation Appeal Bd.*, 423 A.2d 1125 (Pa. Cmwlth. Ct. 1981) due to the employer's failure to file an answer within fifteen days. AMERCO was, therefore, precluded from contesting plaintiff's allegations of working conditions and the causal relationship between those conditions and her alleged disability. Consequently, the subsequent workers' compensation hearing was limited to deciding the issue of how long plaintiff's disability lasted past January 8, 2001. See copy of Motion Order entered on the *Yellow Freight* Motion, attached as Exhibit B, and the Procedural History section of the Workers' Compensation Court's Order regarding final disposition of the Petition, attached as Exhibit C.

On May 29, 2002, plaintiff's Petition was granted but her period of disability was determined to have concluded as of April 3, 2001. More specifically, the Court found that Plaintiff was "fully recovered from her work injury as of August 28, 2000 as of April 3, 2001." See paragraph 9 of Exhibit C. As a result, the Court ordered that the defendant compensate plaintiff for total disability benefits for the period of August 28, 2000 through April 2, 2001 at the maximum rate applicable of $611.00 per week. See page three of Exhibit C. The Court based this ruling after considering the testimony of the employer's medical expert, Gladys Fenichel, M.D., and plaintiff's psychological expert, John Rosella, Ph.D. See paragraphs 6, 8 and 9 of Exhibit C. Copies of the reports of Dr. Fenichel and Dr. Rosella are attached as Exhibit D and E, respectively.

On or about June 6, 2002, plaintiff filed the within complaint against Republic Western and Mr. Wallete with counts based upon Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act (PHRA), retaliation, aiding and abetting in violation of the PHRA, intentional infliction of emotional distress and defamation (dismissed by summary judgment). Plaintiff's gender discrimination is based upon theories of hostile work environment and disparate treatment. Plaintiff has contended throughout this litigation that she continues to be completely disabled from returning to employment despite the ruling of the Workers' Compensation Court that she fully recovered from any disability resulting from work as of April 3, 2001.

## II. LEGAL ARGUMENT

### A. Plaintiff Is Collaterally Estopped From Presenting Any Evidence That Her Disability Due To Defendants' Alleged Discrimination Continued Past April 2, 2001.

The doctrine of collateral estoppel or issue preclusion applies when the following four elements are present:

(1) an issue decided in a prior action is identical to one presented in a later action;

(2) the prior action resulted in a final judgment on the merits;

(3) the party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and

(4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.

*Jones v. United Parcel Service*, 214 F.3d 402, 405 (3rd Cir. 2000)(citing *Rue v. K-Mart Corporation*, 552 Pa. 13, 20-21, 713 A.2d 82, 86-87 (1998).

In *Jones*, the Third Circuit held that an employee/plaintiff was collaterally estopped from arguing that his disability was ongoing after the worker's compensation court found the

Doc#: 181576 v1

plaintiff/employee to have completely recovered from his injuries and thus could return to his prior employment. *See Id*. at 405-406. In that case, the plaintiff sustained an injury to his back when he slipped and fell on some ice while making a delivery as a package car driver for UPS. Two years after the accident, the plaintiff was released to return to work by a consulting orthopedist. The plaintiff refused and UPS thereafter filed a petition to cease and terminate the plaintiff's benefits which proceeded before a Worker's Compensation Judge.

The Worker's Compensation Judge granted UPS this petition to terminate the plaintiff's worker's compensation benefits and concluded that the plaintiff had "fully recovered from his work injury, both mentally and physically." The Worker's Compensation Judge relied upon the plaintiff's testimony and the reports and testimony of five physicians, three of whom testified on the plaintiff's behalf. This factual finding that the plaintiff had fully recovered from his work injury was upheld at several levels of appeal. *Id*. at 404.

After the adverse worker's compensation ruling, the plaintiff filed a one count Complaint in the District Court against UPS claiming that UPS violated the Americans with Disabilities Act by failing to provide him with a reasonable combination for his return to work. The plaintiff took the position throughout discovery that he was completely incapable of performing his previous duties due to his work injury. Once discovery concluded, UPS moved for summary judgment arguing that the plaintiff's ADA claim was barred by the Doctrine of Collateral Estoppel inasmuch as the worker's compensation court found that the plaintiff had completely recovered from his back injury and could return to his position as a package car driver. The District Court, however, did not reach the issue of collateral estoppel since it determined that the plaintiff had failed to meet its burden of proving that he was a qualified individual under the ADA.

The Third Circuit, nevertheless, considered the collateral estoppel issue and held that the factual finding in the worker's compensation proceeding that the plaintiff was fully recovered from his work-related injury would be given preclusive effect in the plaintiff's ADA case. In doing so, the Third Circuit relied upon the elements of collateral estoppel established by the Pennsylvania Supreme Court in *Rue v. K-Mart Corp.* as cited at the beginning of this section. The Third Circuit found that the only real issue of the collateral estoppel elements was whether the worker's compensation proceeding is identical to the factual issue presented in the plaintiff's ADA case. The Court ultimately held that the factual issue of whether the plaintiff had fully recovered from his work-related injury, which was presented to the District Court in the ADA case, was identical to the issue presented in the worker's compensation case. Consequently, regardless of the differing policies between the ADA and the Worker's Compensation Act, the plaintiff was barred by Pennsylvania's Doctrine of Collateral Estoppel from challenging the factual finding that he had fully recovered from his work-related injury in his ADA claim. *Id.* at 406. The Third Circuit found, therefore, that it was required under 28 U.S.C. §1738 to give full faith and credit to the worker's compensation court's finding of fact that the plaintiff had fully recovered from his work-related injury and was able to return to his position as a package car driver. *Id*.

The facts in this case are virtually identical to those in *Jones* and therefore the same result should follow. For instance, plaintiff in this case is alleging, just as the plaintiff in *Jones* did, that she is still disabled from a work-related injury despite a worker's compensation court having ruled that she truly recovered from the work-related injuries by April 2, 2001. The issue of whether the plaintiff in this case has fully recovered from the work-related injury is identical to the issue

which was already resolved by the worker's compensation court. Consequently, the first element of the collateral estoppel doctrine has been satisfied.

The remaining elements of the collateral estoppel doctrine have also been satisfied. For instance, the worker's compensation proceeding resulted in a final judgment on the merits specifically with regard to whether plaintiff had fully recovered from her work-related injuries. The third element has also been satisfied in that the party against whom collateral estoppel is being asserted against in this case, plaintiff, was a party to the prior worker's compensation proceeding. Finally, plaintiff had a full and fair opportunity to litigate the issue of whether she had fully recovered from her work-related injuries during the worker's compensation proceeding and therefore the fourth element under the collateral estoppel doctrine has been satisfied.

    **B.**    **Plaintiff Cannot Collaterally Estopp Defendants From Arguing Against Gender Discrimination And Causation Of The Plaintiff's Alleged Injuries.**

The underlying worker's compensation proceeding in this case did not result in a final judgment on the merits with respect to plaintiff's allegations of gender discrimination or causation of her alleged injuries. In fact, defendant AMERCO was precluded from offering a defense with respect to all issues in the worker's compensation proceeding except for the length of plaintiff's disability because AMERCO failed to file its answer to the worker's compensation petition within the fifteen day requirement. This failure resulted in plaintiff filing a motion to preclude all defenses pursuant to *Yellow Freight*. The worker's compensation court granted plaintiff's *Yellow Freight* motion and barred all AMERCO's defenses except for the defense as to the length of plaintiff's work-related injury. Consequently, the worker's compensation proceeding was litigated only on the merits with respect to the length of plaintiff's work-related disability. All other

remaining issues in the case were determined pursuant to the procedural rule espoused under *Yellow Freight* and not based upon a judgment on the merits.

The only issue resolved by final judgment on the merits in the worker's compensation proceeding and thus available as offensive collateral estoppel was the issue of the length of plaintiff's work-related disability. All other issues resolved by way of the *Yellow Freight* motion in the worker's compensation proceeding were not litigated on the merits and therefore not available to plaintiff as collateral estoppel in this action since they do not represent a final judgment on the merits as to those issues and fail to satisfy the second element of the Collateral Estoppel Doctrine.

Finally, the issue of gender discrimination was not decided in the worker's compensation proceeding and therefore plaintiff cannot assert collateral estoppel to resolve that issue in this case. The worker's compensation court simply did not consider because it need not consider whether Mr. Wallete's alleged treatment of plaintiff constituted an actionable gender discrimination under Title 7 or the PHRA. Consequently, the issue of gender discrimination must be litigated on the merits in this case.

### III.   CONCLUSION

Based upon the aforementioned arguments, defendants, Republic Western Insurance Company and James Wallete, respectfully request that this Honorable Court grant the within motion in limine and collaterally estoppe the plaintiff from arguing disability beyond April 2, 2001 and preclude plaintiff from seeking to collaterally estoppe defendants from arguing against gender discrimination and causation.

        **Respectfully Submitted,**

        **WHITE AND WILLIAMS LLP**


By: _____
       Robert G. Devine, Esquire
       Michael W. Horner, Esquire
       1800 One Liberty Place
       Philadelphia, PA 19103
       Attorneys for Defendants,
       Republic Western Insurance
       Company and James Wallete

Date:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA DOLAN COYLE<br>3120 Maureen Drive<br>Philadelphia, PA 19154<br>　　　　　Plaintiff<br><br>v.<br><br>AMERCO t/a REPUBLIC WESTERN<br>INSURANCE COMPANY<br>1 Ivybrook Boulevard, Suite 160<br>Ivyland, PA 18974<br>　　　and<br>JAMES WALLETE<br>　　　　　Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br><br>NO: 02-CV-3619<br><br>Honorable Harvey J. Bartle, III |

## ORDER

AND NOW, this _____ day of _____, 2003, upon consideration of defendants' motion in limine regarding collateral estoppel, and plaintiff's response thereto, if any, it is hereby **ORDERED** that said motion is hereby **GRANTED**; and it is

**FURTHER ORDERED** that plaintiff is collaterally estopped from arguing and/or presenting any evidence that her work-related disability continued past April 2, 2001; and it is

**FURTHER ORDERED** that plaintiff is prevented from collaterally estopping defendants from arguing against gender discrimination and causation in this case.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　The Honorable Harvey J. Bartle, III, USDJ

Doc#: 181576 v1

## CERTIFICATE OF SERVICE

      I, MICHAEL W. HORNER, ESQUIRE, hereby certify that I have, on this date, served the attached copy of Defendants, Republic Western Insurance Company and James Wallete's Motion in Limine via facsimile and regular mail to:

Linda P. Falcao, Esquire
238 Harrogate Road
Wynnewood, PA 19096


Date:

                                                    MICHAEL W. HORNER

Doc#: 181576 v1

The Pennsylvania Supreme Court recently applied very similar elements[1] to hold that an employer is not collaterally estopped from denying factual findings of an unemployment compensation referee in a subsequent civil action because of the various economic and procedural differences between the two forums. *Rue v. K-Mart Corporation*, 552 Pa. 13, 20-21, 713 A.2d 82, 86-87 (1998).  The issue in *Rue* was whether, in a subsequent civil action, the doctrine of collateral estoppel applies to the factual findings of an unemployment compensation referee.  The plaintiff, Patricia Rue, was fired from a Bucks County K-Mart for allegedly stealing and eating a bag of potato chips.  The basis for Ms. Rue's firing was communicated to the K-Mart employees.  Following her termination, the plaintiff was granted unemployment compensation benefits by a local Job Center and K-Mart appealed the determination to the referee arguing that the plaintiff should not have received benefits because she had committed "willful misconduct."  After a hearing was held, the referee found that the plaintiff did not steal and eat the employer's potato chips.

Thereafter, the plaintiff filed a civil action against K-Mart in Bucks County Court of Common Please and filed a motion *in limine* seeking to prevent K-Mart from offering testimony to establish the truth of its assertion that the plaintiff had stolen the potato chips.  The trial court granted the motion *in limine* based upon the doctrine of collateral estoppel.  The jury returned a verdict in favor of the plaintiff and K-Mart appealed to the Superior Court which ultimately reversed and remanded the case, finding error in the trial court's collateral estoppel decision.  The Superior Court held that the issue decided in the plaintiff's unemployment compensation hearing was not identical to the issue in the civil action and therefore the plaintiff did not satisfy the first element of collateral estoppel.  *Rue*, 552 Pa. at 17-18, 713 A.2d at 84-85.

The Pennsylvania Supreme Court affirmed the Superior Court ruling but not because it found that the plaintiff did not satisfy the first element of collateral estoppel, but rather because it found that the plaintiff did not satisfy the fourth element of collateral estoppel which requires that the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.  This fourth element is not satisfied due to the substantial procedural and economic disparities between the two forums.  *Rue*, 552 Pa. at 20-1, 713 A.2d at 86.  Although parties are permitted in unemployment compensation proceedings to be represented by counsel, to present testimony and documentary evidence and to subpoena and cross-examine witnesses, the court found that unemployment compensation proceedings are not sufficiently similar procedurally to a civil action in order to hold that an employer had a full and fair opportunity to litigate an issue at the unemployment compensation hearing.  The court pointed out that proceedings before an unemployment compensation referee "clearly did not allow parties to

---

[1] The elements necessary for collateral estoppel in Pennsylvania are: (1) an issue decided in a prior action is identical to the one presented in a later action; (2) the prior action resulted in a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.  *Rue*, 552 Pa. at 17, 713 A.2d at 84.

litigate issues in the manner available in a court of record. For example, the Rules of Evidence do not apply in referees' hearings, and there is no procedure for pre-hearing discovery." *Rue*, 552 Pa. at 19, 713 A.2d at 86. The court also went on to point out that the unemployment compensation system is different from the civil system in that it is specifically designed to adjudicate matters quickly, because one of its primary goals is to "get money into the pockets of the unemployed worker at the earliest point that is administratively feasible." Consequently, unemployment compensation hearings are by design, brief and informal in nature. *Rue*, 552 Pa. at 20, 713 A.2d at 86 (citations omitted).

The economic differences between the two forums also precludes collateral estoppel. The amount of money in controversy in most unemployment compensation hearings is "minimal" from the employer's perspective. The employer is only risking a small increase in the amount of future contributions to the Unemployment Compensation Fund. Consequently, the employer has little incentive to litigate vigorously or even retain counsel or attend a hearing. On the other hand, an employer may be subject to liability for tens of thousands of times greater in a civil action. *Id*.

When the first and second elements necessary for collateral estoppel are applied in this case, it is clear that the doctrine does not apply. The first element - identical issues - is not met. The issue with respect to plaintiff's unemployment compensation was whether plaintiff was terminated due to "willful misconduct." The issues in this case, however, are far different. Here, plaintiff seeks to prove that U-Haul violated the FMLA by failing to offer her to return to her pre-leave position or offer an "equivalent" position. There is simply no comparing these issues, therefore, plaintiff fails to satisfy the first element necessary for collateral estoppel.

Assuming *arguendo* that the issues in each forum are identical, plaintiff still cannot satisfy the second element of collateral estoppel; that is, the issue was actually litigated in the prior forum. As set forth by the Supreme Court of Pennsylvania in *Rue*, the procedural and economic disparities between the two forums prohibits this element from being satisfied. 552 Pa. at 20-1, 713 A.2d at 86. The opportunity to litigate issues in the unemployment forum bears no comparison to the opportunity to litigate which exists in this forum. No rules of evidence apply in the unemployment forum and there is no discovery process. Furthermore, the procedures in the unemployment forum are aimed at putting money in the pocket of the unemployed as soon as possible. Finally, the economic stakes between the two forums is immense and also demonstrates why the unemployment forum cannot be considered "litigation." In the unemployment case, there were no allegations being asserted against U-Haul and therefore it had little, if any, incentive to oppose plaintiff's unemployment application. In fact, the instant case was filed in December, 1998 after the Job Center findings in August, 1998. In this case the entire suit is premised upon U-Haul's alleged violation of the FMLA and therefore the monetary consequences are much greater and necessarily lead to litigation.

## III. CONCLUSION

Based upon the aforementioned arguments, defendant, U-Haul Company of Pennsylvania, respectfully requests that this Honorable Court order that all witnesses and parties be directed not to introduce evidence or testimony regarding the factual findings of the Pennsylvania Department of Labor and Industry - Chester County Job Center concerning plaintiff's unemployment compensation.

Doc#: 181576 v1