## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA DOLAN COYLE | : | CIVIL ACTION |
| 3120 Maureen Drive | : | |
| Philadelphia, PA 19154 | : | |
| Plaintiff | : | NO: 02-CV-3619 |
| v. | : | Honorable Harvey J. Bartle, III |
| | : | |
| AMERCO t/a REPUBLIC WESTERN | : | |
| INSURANCE COMPANY | : | |
| 1 Ivybrook Boulevard, Suite 160 | : | |
| Ivyland, PA 18974 | : | |
| and | : | |
| JAMES WALLETE | : | |
| Defendants | : | |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants, Republic Western Insurance Company and James Wallete hereby submits the following proposed Jury Instructions with respect to the above matter.

**WHITE AND WILLIAMS LLP**


By:_____
        Robert Devine, Esquire
        Michael W. Horner, Esquire
        1800 One Liberty Place
        Philadelphia, PA 19103
        Attorneys for Defendants,
        Republic Western Insurance
Date:        Company and James Wallete

## 1.  ACTIONS MAY BE ARBITRARY

It is a basic principle of employment law  that an employer has the right to make decisions affecting an employee for a good reason, a bad reason, or no reason at all, absent discrimination.  If you should find that a discriminatory motive did not play a role in decisionmaking of Republic Western Insurance Company or James Wallete or, if it did, that it did not have a determinative effect on the decisionmaking, then you must render a verdict for defendants even though you might feel the defendants' decisions were unreasonable, arbitrary or unfair.

*Walker v. AT & T Technologies*, 995 F.2d 846, 849 (8th Cir. 1993); *Tribble v. Westinghouse Electric Corp.*, 669 F.2d 1193, 1196 (8th Cir. 1982), *cert. denied*, 460 U.S. 1080 (1983); *Williams v. General Motors Corp.*, 656 F.2d 120 (5th Cir. 1981); *Loeb v. Textron, Inc.*, 600 F.2d 1003 (1st Cir. 1979); *Cleverly v. Western Electric Co.*, 594 F.2d 638, 641 (8th Cir. 1979); *Cova v. Coca Cola Bottling Co. of St. Louis*, 574 F.2d 958, 959 (8th Cir. 1978); *3 Fed. Jury Prac. and Instruc.*, 3d Ed. No. 92.10, as modified.

## 2. BUSINESS JUDGMENT

In connection with defendants' decisions regarding plaintiff's employment, as long as the defendants exercised its business judgment and did not decide to take the actions at issue because of a discriminatory motive, they had a right to take the actions based on that judgment, even if their business judgment later proved to be incorrect.  You are not here to judge whether defendants' decisions were right or wrong from a business standpoint.  In short, an employer has the right to be wrong, so long as it does not discriminate.

For example, defendants had the right to determine their work rules.   If defendants determined that it made business sense to treat plaintiff as they did, it does not matter whether you agree or approve of this business judgment.  As long as defendants did not intentionally act against plaintiff based on a discriminatory motive, the discretion rested exclusively with defendants whether to make the decisions they did concerning plaintiff's employment.   It is not your job to second guess their business judgment.

To summarize this portion of the instructions, if you believe that defendants made their decisions based on their business judgment, and not because of a discriminatory motive,  then your verdict must be for defendants.

*Billet v. CIGNA Corp.*, 940 F.2d 812, 825 (3d Cir. 1991); *Walker v. AT & T Technologies***,** 995 F.2d 846 (8th Cir. 1993); *Winston v. Smithsonian Science Information Exchange, Inc*., 437 F. Supp. 456, 473 (D.D.C. 1977), *aff'd*, 595 F. 2d 888 (D.C. Cir. 1979); *Heath v. Greyhound Lines, Inc*., 17 FEP Cases 812, 814 (S.D. Ohio 1978).  *See also Loeb v. Textron, Inc*., 600 F.2d 1003, 1012 n.6 1018 (1st Cir. 1979) *Healy v. New York Life Ins. Co.*, 860 F.2d 1209 (3d Cir. 1988), *cert. denied*, U.S. 109 S. Ct. 2449 (1989); *Winston v. Smithsonian Science Information Exchange, Inc.*, 437 F. Supp. 456, 473 (D.D.C. 1977), *aff'd*, 595 F.2d 888 (D.C. Cir. 1979); *Tims v. Board of Education*, 452 F.2d 551, 552 (8th Cir. 1971); *Smith v. Univ, of North Carolina*, 632 F.2d 316, 346 (4th Cir. 1980).

### 3.  ALL PERSONS AND ORGANIZATIONS ARE EQUAL BEFORE THE LAW

In this lawsuit, the plaintiff is an individual.  She claims that Republic Western , a corporation, acted improperly toward her during the course of her employment.  In deciding this case, you must consider plaintiff and Republic Western to be of equal standing in the community.  A corporation such as Republic Western is entitled to the same fair trial at your hands as a private individual.  All persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.  This means that you should not favor plaintiff over Republic Western simply because she is an individual and Republic Western is a corporation.  Rather, the status of plaintiff and Republic Western as individuals or corporations should not affect your decision in any way.

Devitt, Blackmar and Wolff, *Federal Jury Practice and Instructions*, §71.04.

### 4.  DISPARATE TREATMENT

Plaintiff is seeking to prove that defendants unlawfully discriminated against her based upon her gender.  Plaintiff asserts two theories in support of this alleged gender discrimination – 1) plaintiff claims that she experienced disparate treatment from male employees in the office based upon her gender and 2) she claims that she was subjected to a hostile work environment for women.

Plaintiff must demonstrate the following elements in order to prove her theory of disparate treatment: (1) she is a member of a protected class; (2) she was qualified for a position sought or held; (3) she was discharged from or denied the position; and (4) that non-members of the protected class were treated more favorably.  If any of the above elements have not been proved by the preponderance of the evidence, you need not proceed further in considering this theory.

*Pittman v. Continental Airlines, Inc.*, *Pittman v. Continental Airlines, Inc.,* 35 F.Supp. 2$^d$ 434,  443 (E.D.Pa. 1999)(citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973)).

### 5.  DISPARATE TREATMENT – THIRD ELEMENT - CONSTRUCTIVE DISCHARGE

In order for plaintiff to prove the third element of her disparate treatment theory that she was discharged from her position as litigation manager for Republic Western, she must prove by a preponderance of the evidence that: 1) Defendants intentionally made plaintiff's working conditions so intolerable that a reasonable person would feel forced to resign; 2) Plaintiff's gender was a motivating factor in defendants' conduct, and 3) Plaintiff resigned from her position as litigation manager.

O'Malley Grenig Lee, *Federal Jury Practice and Instructions*, Fifth, Section 171.20 (2001).

## 6.  DISPARATE TREATMENT – FOURTH ELEMENT

With respect to the fourth element of plaintiff's disparate treatment theory, plaintiff "must show that male employees did not suffer similar adverse employment actions, despite displaying the same problem which provoked and supported the adverse action suffered by plaintiff."  *Pittman v. Continental Airlines,* 35 F.Supp. 2d at 443.  Consequently, plaintiff must show that male employees, who did not suffer her alleged adverse employment actions, had employment records sufficiently similar to hers in order to show that those male employees were more favorably treated.  *Id*. at 443-44.

### 7.  HOSTILE WORK ENVIRONMENT

Under plaintiff's hostile work environment theory of gender discrimination, she must prove the following elements by a preponderance of the evidence: "(1) She suffered intentional discrimination because of her sex; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected her; (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; and (5) the existence of *respondeat superior." Andrews v. City of Philadelphia.,* 895 F.2d 1469, 1482 (3rd Cir. 1990).          Claims under a hostile work environment theory require a showing of severe or pervasive conduct.  *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998).   "Simply teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" *Pittman v. Continental Airlines, Inc.,* 35 F.Supp. 2d 434,  442 (E.D.Pa. 1999). The law does not prohibit conduct that is merely offensive or annoying.  Rather, the law is violated where the conduct is sufficiently severe or pervasive to alter conditions of the victim's employment and create an abusive working environment."  *Id.* (citations omitted).  "Mistreatment and disrespect unmotivated by the plaintiff's gender does not create a hostile work environment." *Koschoff v. Henderson*,  109 F.Supp. 2d 332, 346 (E.D.Pa. 2000). In addition, conduct motivated by a bad working relationship and personal animosity also does not constitute a hostile work environment.  *Id*.

Courts look to the totality of the circumstances to determine whether a hostile work environment exists, including consideration of the "frequency and severity of the conduct; whether the conduct is physically threatening or humiliating or merely an offensive utterance; and whether the conduct unreasonably interferes with the victim's work performance." *Moore v. Grove North American, Inc.*, 927 F.Supp. 824, 829 (M.D.Pa. 1996) (citing *Pittman v. Correctional Healthcare Solutions, Inc.,* 868 F.Supp. 105, 108 (E.D. Pa. 1994)).

"Snubs and unjust criticisms are not poisonous enough to create an actionable hostile working environment . . . . [H]ostile behavior that does not bespeak an unlawful motive cannot support a hostile work environment claim." *Miller v. Aluminum Co. of America*, 679 F.Supp. 495, 502 (W.D. Pa. 1988), *aff'd*, 856 F.2d 184 (3d Cir. 1988). Consequently, although plaintiff may have been disliked or treated poorly, without evidence that defendants' activities were motivated by gender, there is no claim under a hostile work environment theory. *Moore,* 927 F.Supp. at 829.

The law is not designed to purge the workplace of vulgarity. Consequently, the occasional banter, tinged with sexual innuendo, of coarse or boorish workers is not sufficient to create a hostile work environment. Rather, the law is intended to protect against intimidating words or acts and obscene language or gestures. *Baskerville v. Culligan Intern. Co.*, 50 F.3d 428, 430-31 (7th Cir. 1995). Accordingly, "[the law] is not designed to protect the overly sensitive plaintiff." *Bishop v. National R.R. Passenger Corp.*, 66 F.Supp. 2d 650, 664 (E.D. Pa. 1999) (quoting *Harley v. McCoach*, 928 F.Supp. 533, 539 (E.D. Pa. 1996)).

### 8.  RESPONDEAT SUPERIOR

In order for the actions of any of Republic Western's employees to cause Republic Western to be liable to plaintiff, you have to find that the actor was employed in a managerial capacity and was acting in the scope of her employment.  In order to find against Republic Western, you have to find that the actions of their employees were not only discriminatory, but were actuated, at least in part, by a purpose to serve Republic Western.  If you find that plaintiff has failed to show that the alleged discriminators were employed in a managerial capacity, were acting in the scope of their employment, or that their actions were actuated by a purpose to serve Republic Western, you must find in favor of defendants on plaintiff's gender discrimination claims.

*Kolstad v. American Dental Association*, 119 S.Ct. 2118 (1999).

## 9. REASONABLE PERSON

In determining whether a hostile work environment existed, you must consider the evidence from the perspective of a reasonable person.  This is an objective standard and requires you to look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person.  Instead, you must consider the total circumstances and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that would seriously affect the psychological well-being of a reasonable person.

O'Malley Grenig Lee, *Federal Jury Practice and Instructions*, Fifth, Section 171.45 (2001).

## 10. RETALIATION

Plaintiff claims that she was subject to retaliatory actions in this case.

In order to prevail on this claim, plaintiff must show that: (1) she was engaged in an activity protected by the law; (2) she was discharged after or contemporaneously with that activity; and (3) defendants took an adverse employment action against plaintiff because of her protected conduct.

O'Malley Grenig Lee, *Federal Jury Practice and Instructions*, Fifth, Section 171.25 (2001).

## 11. LEGITIMATE NONDISCRIMINATORY REASONS FOR EMPLOYMENT DECISION

You must also consider any legitimate , nondiscriminatory reason or explanation stated by defendants for its decision.  If you determine that defendants have stated such a reason, then you must decide in favor of defendants unless plaintiff proves by a preponderance of the evidence that the stated reason was not the reason but was only a pretext or excuse for defendants discriminating against plaintiff because of plaintiff's race.

O'Malley Grenig Lee, *Federal Jury Practice and Instructions*, Fifth, Section 171.77 (2001).

## 12.  PRETEXT

It does not matter whether defendants' reasons for their actions toward plaintiff were correct or appropriate, so long as defendants' proffered reasons are not a pretext for discrimination. The issue of pretext does not address the correctness or desirability of the employer's reasons for employment decisions.  Rather, it addresses the issue of whether the employer honestly believes in the reasons it offers.  An employer's honest belief does not create liability because its decisions happen to work to the disadvantage of a member of a protected group.  The issue is whether retaliatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent.

*Woodson v. Scott Paper Co.*, 109 F.3d 913 (3rd Cir. 1997), *cert. denied*, 118 S.Ct. 299, 139 L.Ed.2d 230 (U.S. 1997); *McCoy v. WGN Continental Broadcasting Co.*, 957 F.2d 368, 373 (7th Cir. 1992); *Kariotis v. Navistar Int'l.*, 131 F.3d 672 (7th Cir. 1997); *Fuentes v. Perskie*, 32 F.3d 759, 768 (3rd Cir. 1994); *Williams v. Perry*, 907 F. Supp. 838, 844 (M.D. Pa. 1995); *Verney v. Dodaro*, 872 F. Supp. 188, 196 (M.D. Pa. 1995); *Armbruster v. Erie Civic Center Authority*, 937 F. Supp. 484 (W.D. Pa. 1995).

### 13. EXISTENCE OF A POLICY

You have heard evidence that Republic Western had a sexual harassment policy in place and that plaintiff reviewed and had access to it. You have also heard evidence that Republic Western acted promptly upon learning of plaintiff's complaints. As a matter of law, an employer may avoid liability if its procedures for investigating and remediating alleged discrimination are effective.

If you find that Republic Western had a grievance procedure in place, it made the procedure known to its employees, and Republic Western promptly acted to remedy the situation, you must find that Republic Western is not liable for the allegedly discriminatory conduct.

*Bouton v. BMW of North America*, 29 F.3d 103 (3rd Cir. 1994).

### 14. AFFIRMATIVE DEFENSE

Republic Western claims that it has satisfied the affirmative defense which requires: "(1) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior; and (2) that the employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer to avoid the harm."   If you find that plaintiff did not avail herself of an articulated, available sexual harassment policy in place at Republic Western, you must find in favor of defendants on her gender discrimination claims.

*Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S.Ct. 2275 (1998), and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 118 S.Ct. 2257 (1998),

### 15.  AFFIRMATIVE DEFENSE--FIRST ELEMENT

When determining whether an employer has met the first element of the affirmative defense —

that the employer exercised reasonable care to prevent and correct promptly any harassing behavior —

the employer's promulgation of an "an antiharassment policy with complaint procedure" is an important,

if not dispositive, consideration.  "While proof that an employer had promulgated an antiharassment

policy with complaint procedure is not necessary in every instance as a matter of law, the need for a stated

policy suitable to the employment circumstances may appropriately be addressed in any case when

litigating the first element of the defense.". In this case, it is undisputed that Republic Western had an

antiharassment policy, and that the established complaint procedure was readily available to plaintiff.

*Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S.Ct. 2275 (1998), and *Burlington Industries, Inc. v.*

*Ellerth*, 524 U.S. 742, 118 S.Ct. 2257 (1998),

### 16.  AFFIRMATIVE DEFENSE--SECOND ELEMENT

The second element of this defense is whether "the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer."

The United States Supreme Court has noted:

> "Although Title VII seeks 'to make  [**32]  persons whole for injuries suffered on account of unlawful employment discrimination,' its 'primary objective,' like that of any statute meant to influence primary conduct, is not to provide redress but to avoid harm.'"*Faragher*, 118 S. Ct. 2275 at *19.

Complaint procedures established by employers, which are designed to protect employees in cases of harassment, are useless if the affected employees fail to avail themselves of them.  Therefore, employees are required to accept responsibility for alerting their employers to the harassment.

*Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S.Ct. 2275 (1998), and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 118 S.Ct. 2257 (1998),

### 17.  FAILURE TO USE COMPLAINT PROCEDURE

Put simply, an employer cannot combat harassment of which it is unaware.  Thus, "any unreasonable failure [by the employee] to use any complaint procedure provided by the employer . . . will normally suffice to satisfy the employer's burden under the second element of the defense."

*Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S.Ct. 2275 (1998), and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 118 S.Ct. 2257 (1998).

### 18.  INTENT

Plaintiff must show that defendants intentionally discriminated against plaintiff.  However, plaintiff is not required to produce direct evidence of intentional discrimination.  Intentional discrimination may be inferred from existence of other facts.

O'Malley Grenig Lee, *Federal Jury Practice and Instructions*, Fifth, Section 171.26 (2001).

### 19.  MOTIVATING FACTOR

The term "motivating factor" means a consideration that moved defendants towards defendants' decision.

O'Malley Grenig Lee, *Federal Jury Practice and Instructions*, Fifth, Section 171.42 (2001).

## 20.  DIRECT AND INDIRECT EVIDENCE

Generally speaking, there are two types of evidence that are generally presented during a trial-direct evidence and indirect evidence.  "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  "Indirect or indirect" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or indirect evidence.  Nor is a greater degree of certainty required of indirect evidence.  You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and indirect.

O'Malley Grenig Lee, *Federal Jury Practice and Instructions*, Fifth, Section 171.46 (2001).

### 21.  CAUSATION

Plaintiff has the burden of proving each and every element of plaintiff's claim by a preponderance of the evidence.  If you find that plaintiff has not proved any one of the elements by a preponderance of the evidence, you must return verdict for defendants.

Defendants have the burden of proving each element of defendants' affirmative defenses by a preponderance of the evidence.

O'Malley Grenig Lee, *Federal Jury Practice and Instructions*, Fifth, Section 171.60 (2001).

## 22. PREPONDERANCE OF THE EVIDENCE

To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be provided is more likely true that not true.

In determining whether any fact in issue has been proved by the preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

O'Malley Grenig Lee, *Federal Jury Practice and Instructions*, Fifth, Section 171.61 (2001).

### 23.  PROXIMATE CAUSE

An injury or damage is proximately caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

O'Malley Grenig Lee, *Federal Jury Practice and Instructions*, Fifth, Section 171.62 (2001).

### 24. AFTER-ACQUIRED EVIDENCE

Defendants contend that they would have discharged plaintiff because of her failure to properly set reserves within her unit which was fully and completely discovered after she left Republic Western.

If defendants prove by a preponderance of the evidence that defendants would have discharged plaintiff because of her failure to properly set reserves within her unit, you should limit any award of back pay to the date defendants would have made the decision to discharge plaintiff as a result of the after-acquired information.

O'Malley Grenig Lee, *Federal Jury Practice and Instructions*, Fifth, Section 171.73 (2001).

## 25.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff has also presented a claim against defendants for intentional infliction of emotional distress. In order to recover under this theory, plaintiff must prove, by a preponderance of the evidence, the following elements: (1) the conduct of defendants must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) the conduct must cause emotional distress; and (4) the distress must be severe. *Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265, 1273 (3d Cir. 1979).

"As a general rule, sexual harassment alone does not rise to the level of outrageousness necessary to make out a cause of action for intentional infliction of emotional distress." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1487 (3d Cir.1990).  It is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir. 1988).   In order to recover under this theory,"[t]he conduct must be so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Buczek v. First Nat. Bank of Mifflington*, 366 Pa. Super. 551, 558 (1987). It is not enough to recover under this theory that defendants acted with intent which is tortious or even criminal or that they intended to inflict emotional distress or even that his conduct has been characterized by 'malice' or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort." See Restatement (Second) of Torts, §46, comment (d). Cases which have found a sufficient basis for IIED claims have presented only the most horrendous conduct. See, e.g., *Pappieves v. Lawrence*, 437 Pa. 373 (1970)(defendant, after striking and killing plaintiff's son with automobile, and after failing to notify authorities or seek medical assistance, buried body in a field only to be discovered two months later by the boy's parents); *Banyas v. Lower Bucks*

*Hospital*, 293 Pa. Super. 122 (1981)(defendant intentionally fabricated records to suggest that plaintiff had killed a third party which ultimately led to plaintiff being indicted for homicide); *Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265 (3d Cir. 1979)(defendant's team physician released to press information that plaintiff was suffering from a terminal disease when physician knew such information was false).

## 26.  DAMAGES

I will now instruct you on the issue of damages.  The fact that I instruct you on the issue of damages must not be taken as an indication that you should decide plaintiff.  It is for you to decide on the evidence presented and the rules of law I have given you whether plaintiff is entitled to recover anything from defendants with respect to her claims.  Only if you decide that plaintiff was subject to unlawful discrimination should you then consider the measure of damages.

## 27.  COMPENSATORY DAMAGES

If you find defendants discriminated against plaintiff based on plaintiff's gender, then you must determine an amount that is fair compensation for plaintiff's damages.  You may award compensatory damages only for injuries that plaintiff proves were caused by defendants' allegedly wrongful conduct.

The damages that you award must be fair compensation-no more and no less.

You may award damages for any pain, suffering or mental anguish that plaintiff experienced  as a consequence of defendants' alleged gender discrimination.  No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence.  There is no exact standard for fixing the compensation to be awarded for these elements of damage.  Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decided to award, you should be guided by common sense.  You must use sound judgement in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation, or guess work.  On the other hand, the law does not require that plaintiff prove the amount of plaintiff's losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

O'Malley Grenig Lee, *Federal Jury Practice and Instructions*, Fifth, Section 171.90 (2001).

## 28. BACK PAY DAMAGES

If you find in favor of plaintiff, you may, but are not required to, decide to award her damages in the case.  The laws that prohibit discrimination permit a successful plaintiff to recover "back pay" or lost wages, which she would have earned had she remained at her job.  The purpose of the law is to determine the net earnings that plaintiff would have earned if she remained with Republic Western so that she would be left in no worse, but no better, position than she would have been in had the alleged discrimination not occurred.  But you first must determine whether plaintiff proved, by a preponderance of the evidence, that she was forced to resign from her job due to discrimination and what compensation she would have received had she been retained.  To award plaintiff more than what she would have earned would be to give her a windfall to which she is not entitled.

This means that any compensation plaintiff would have received had she still been employed by Republic Western must be reduced by any amounts she was able to earn through other employment, or which she could have earned through reasonable diligence.  If you conclude that plaintiff has proven that she was forced to leave Republic Western due to its treatment of her, you may consider the amount of compensation she would have received had she remained employed.  I instruct you that any loss of pay which plaintiff is able to prove must be reduced by all amounts received by plaintiff from any employment or self-employment in which she was engaged from the date you find she should have been retained to the present, or by amounts she could have earned with reasonable diligence.

*Lorillard v. Pon,* 434 U.S. 575 (1978).

## 29.  FRONT PAY DAMAGES

You must also calculate separately, as future damages, a monetary amount equal to the present value of the wages and benefits that plaintiff would have earned had plaintiff not been constructively discharged for the period from the date of your verdict until the date when plaintiff should have obtained other employment.

You must also reduce any award to its present value by considering the interest that plaintiff could earn on the amount of the award if plaintiff had made a relatively risk-free investment.  The reason you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to plaintiff if plaintiff received it today than if plaintiff received it in the future, when plaintiff would otherwise have earned it.  It is more valuable because plaintiff can earn interest on it for the period of time between the date of the award and the date plaintiff would have earned the money.  Thus you should adjust the amount of any award for future loss of earnings by the amount of interest that plaintiff can earn on that amount in the future.

O'Malley Grenig Lee, *Federal Jury Practice and Instructions*, Fifth, Section 171.92 (2001).

## 30.  MITIGATION

Plaintiff has a duty to mitigate her damages in a case like this.  That is to say, plaintiff has an obligation to affirmatively seek and accept comparable employment.  It is an affirmative defense and defendants burden to prove, by a preponderance of the evidence, that plaintiff failed to mitigate her damages. Defendants can show this by demonstrating that plaintiff unjustifiably failed to seek or take a new job of like kind, status and pay which was available to her, or that she failed to make reasonable efforts to secure a new job of like kind, status and pay that was available to her.  If you find that defendants have proved any of the above, you should subtract from plaintiff's damages, if any, any amount she could have earned after her employment with Republic Western ended.

*Anastasio v. Shering Corp.*, 838 F.2d 701, 707-08 (3rd Cir. 1988); *Carden v. Westinghouse Electric Corp.*, 850 F.2d 996 (3rd Cir. 1988); *Ellis v. Ringgold School District*, 832 F.2d 27 (3rd Cir. 1987), *cert. denied.*, 494 U.S. 1005 (1990).

## 31.  DAMAGES FOR EMOTIONAL DISTRESS

Though possible compensatory damages in employment discrimination cases include compensation for emotional distress, in order to recover for emotional distress, plaintiff must present evidence of actual injury.  Therefore, in order for plaintiff to recover for an emotional injury in this case, plaintiff must show a causal link between the emotional injury and defendants' behavior.  Emotional distress cannot be inferred. Plaintiff must show that she suffered actual emotional injury through admissible evidence and that this emotional injury was caused by defendants.

*Norwood v. Bain*, 166 F.3d 243, 245 (4th Cir.), *cert. denied*, 527 U.S. 1005, 119 S.Ct. 2342, 144 L.Ed.2d 239 (1999); *Gunby v. Pennsylvania Electric Co.*, 840, F.2d 1108, 1121-22 (3rd Cir. 1988), *cert. denied*, 492 U.S. 905, 109 S.Ct. 3213, 106 L.Ed.2d 564 (1989); *Padilla v. Miller*, 143 F.Supp.2d 453 (M.D. Pa. 1999).

## 32.  EMOTIONAL DISTRESS--LITIGATION STRESS

Even though plaintiff brought this lawsuit because she maintains that defendants engaged in wrongful conduct, plaintiff chose to pursue this litigation knowing of both the economic and emotional cost that it would entail.  Plaintiff made substantial and emotional investments in her case and this is simply the normal result of being a litigant.  That fact alone does not entitle her to damages in any amount from defendants.

Therefore, if you find that plaintiff has suffered any emotional distress, you must also decide whether some, or all, of that emotional distress was caused by the process of bringing this lawsuit.  Any portion of plaintiff's emotional distress caused by this lawsuit cannot be compensated by damages in any amount.  If you find that all of plaintiff's emotional distress is a result of this lawsuit, then you must award her nothing for this emotional distress.

*Picogna v. Board of Education of the Township of Cherry Hill*, 1996 N.J. LEXIS 40 (February 22, 1996); *Stoleson v. United States*, 708 F.2d 1217, 1223 (7th Cir. 1983); *Timms v. Rosenblum*, 713 F. Supp. 948, 955 (E.D. Va. 1989), *aff'd.*, 900 F.2d 256 (4th Cir. 1990)(denying anguish attends all litigation); *Clark v. United States*, 660 F. Supp. 1164, 1200 (W.D. Wash. 1987)), *aff'd*, 856 F.2d 1433 (9th Cir. 1988).

### 33. TITLE VII- PUNITIVE DAMAGES

Plaintiff claims the acts of defendants were done with malice or reckless indifference to the plaintiff's federally protected rights so as to entitle plaintiff to an award of punitive damages in addition to compensatory damages.

In some cases punitive damages may be awarded for the purpose of punishing a defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

An award of punitive damages would be appropriate in this case only if you find for plaintiff and then further find from a preponderance of the evidence:

First:   That a higher management official of defendants personally acted with malice or reckless indifference to plaintiff's federally protected rights, and

Second: That defendants themselves had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

If you find that punitive damages should be assessed against defendants, you may consider the financial resources of defendants in fixing the amount of such damages.

[You may assess punitive damages against one or more of the defendants, and not others, or against more than one defendant in different amounts].

Doc#: 181573 v1

[Punitive damages must bear a reasonable relationship to the plaintiff's actual injury. However, there is no simple way to link punitive to compensatory damages. In determining a reasonable relationship to the actual injury, you must consider all relevant factors. These include:

1.  The impact or severity of defendants' conduct.

2.  The amount of time defendants conducted themselves in this manner.

3.  The amount of compensatory damages.

4.  The potential profits defendants may have made from defendants' conduct.

5.  The attitudes and actions of defendants' top management after the misconduct was discovered.

6.  The effect of the damages award on defendants' financial condition.

O'Malley Grenig Lee, *Federal Jury Practice and Instructions*, Fifth, Section 171.94 (2001).

### 34.  TITLE VII - PUNITIVE DAMAGES - KNOWLEDGE

Punitive damages are only available in cases involving intentional discrimination.  In order for punitive damage liability to attach, the employer must act with malice or with reckless indifference to [the plaintiff's] federally protected rights.  The terms "malice" or "reckless indifference" pertain to the employer's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination.   An employer must at least discriminate in the face of a perceived risk that its actions will violate federal law to be liable for punitive damages.  A positive element of conscious wrongdoing is always required.  In the absence of evidence in the record that a defendant engaged in discriminatory practice or practices with malice or reckless indifference to the rights of a plaintiff to be free from intentional discrimination, you should not award punitive damages.

*Kolstad v. American Dental Ass'n.*, 119 S.Ct. 2118, 2124 (1999).

### 35.  TITLE VII - PUNITIVE DAMAGES - GOOD FAITH EFFORT

If you find that Republic Western undertook good faith efforts to comply with the law, you may not award plaintiff punitive damages.  The purposes underlying the law are similarly advanced where employers are encouraged to adopt antidiscrimination policies and to educate their personnel on the Civil Rights Act's prohibitions.  Even if the decision of Republic Western's managerial agents were contrary to the company's good faith efforts to comply with the applicable discrimination laws, such as the existence of a sexual harassment policy, you cannot award plaintiff punitive damages.

*Kolstad v. American Dental Ass'n.*, 119 S.Ct. 2118, 2129 (1999).

Doc#: 181573 v1