IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                       :
LISA DOLAN COYLE                       :
3120 Maureen Drive                     :
Philadelphia, PA   19154               :
                                       :
            Plaintiff,                 :         JURY TRIAL DEMANDED
      v.                               :
                                       :
AMERCO, t/a Republic Western Insurance Company :
1 Ivybrook Boulevard Suite 160         :
Ivyland, PA   18974                    :
                                       :
                                       :
                                       :
JAMES WALLETE,                         :
                                       :
            Defendants                 :         Civil Action No. 02-CV-3619
_____:

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO DEDUCT ALL WORKERS' COMPENSATION INDEMNITY PAYMENTS AND DISABILITY PAYMENTS FROM ANY BACK AND FRONT PAY AWARDS / PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S RECEIPT OF WORKERS' COMPENSATION INDEMNITY PAYMENTS AND DISABILITY PAYMENTS**

Plaintiff hereby responds in opposition to defendant's Motion to deduct workers' compensation and disability payments from any back and front pay awards. **The law is well established that such payments are collateral sources that are not deductible from plaintiff's damages**.

For cases holding that workers' compensation benefits are collateral sources not to be deducted from backpay, see Salitros v. Chrysler Corp., 306 F.3d 562 (8th Cir. 2002)("workers' compensation benefits are considered a collateral source"); Moysis v. DTG Datanet, 278 F.3d

819 (8th Cir. 2002)("like unemployment benefits, workers' compensation benefits are a collateral source that should not be deducted from back pay"); Chisholm v. UHP Projects, Inc., 205 F.3d 731 (4th Cir. 2000)("vacation, sick pay, and workers' compensation benefits paid by an employer are time-honored collateral sources")(emphasis added); Hamlin v. Charter Twp of Flint, 165 F.3d 426 (6th Cir. 1999)(workers' compensation is not deductible from back pay); Thurman v. Yellow Freight Sys., 90 F.3d 1160 (6th Cir. 1996)("like unemployment benefits, workers' compensation benefits are a collateral source that should not be deducted from backpay."); Knafel v. Pepsi-Cola Bottlers of Akron, Inc., 899 F.2d 1473 (6th Cir. 1990)(same); Pansegrau v. National Union Fire Ins. Co., 23 F.3d 960 (5th Cir. 1994)(court erred "in reducing Pansegrau's recovery by the amount paid by her employer's insurance carrier"); England v. Reinauer Transportation Cos., 194 F.3d 265 (1st Cir. 1999)(all evidence of WC payments excluded); Sanjuan v. IBP, Inc., 160 F.3d 1291 (10th Cir. 1998)(WC a collateral source; error to tell jury to deduct WC benefits); Porchia v. Design Equipment Cor., 113 F.3d 877 (8th Cir. 1997)(WC a collateral source).[1]

---

[1] Defendant's citation to Mason v. The Association for Independent Growth, 817 F.Supp. 550, 556 (ED PA 1993) is misplaced; far from supporting defendant's position, the court there specifically noted that, where, as here, plaintiff's injury for which the workers' compensation was awarded was caused by the employer, that workers' compensation award should NOT be deducted from backpay.  See, Mason, at 558, n. 11:

> "In the two most recent cases declining to deduct workmen's compensation– Knafel and Clint, supra– the discriminatee's injuries were part of the employer's discriminatory design and directly caused by the employer, rather than, at most, an indirect byproduct of the discriminatee's being forced to remain in a different job (as in the case at bar) [the plaintiff in Mason had had a car accident].  In Knafel, the district court found that the defendant employer, although aware that plaintiff had back problems, assigned her heavy work in an effort to cause her absenteeism and create a pretext for her eventual dismissal.  Similarly, in Cline– a gender harassment case– various agents of the defendant employer, although aware that plaintiff was suffering from job-related stress, continued to harass her and call her "syphillis," and the employer was held liable for battery.  In both cases, the court

With regard to disability benefits, plaintiff first notes that defendants are simply wrong in their assertion that defendant RepWest paid for Mrs. Coyle's disability policy with Oxford Life. (See, Defendants Motion, p. 2: "The insurance premiums supporting both the Liberty Mutual [worker's compensation] and Oxford Life policies and subsequent payments were paid entirely by Republic Western.") In fact, Mrs. Coyle paid the premium herself through payroll deduction. See, payroll stub, attached, noted as "WAGECONT", (wage continuation), in the amount of $18.82 per pay period.  Defendants' argument that therefore, as the funder of her disability benefits, they should get a setoff for them, is obviously misplaced.   The caselaw is clear that where disability insurance has been paid for by the employee, payments are not deducted from backpay.  Green v. Adm'rs of the Tulane Educ. Fund, 284 F.3d 642 (5th Cir. 2002); accord, Lussier v. Runyon, 50 F.3d 1103, 1107 (1st Cir. 1995);  Moysis v.DTG Datanet, 278 F.3d 819 (8th Cir. 2002).

In fact, because of the danger that a jury may improperly on its own deduct payments received under such programs in violation of the collateral source rule, evidence relating to such payments must be excluded entirely:

When a case is being heard in federal court, the evidentiary, as opposed to the

---

would not offset workmen's compensation awards for injuries directly resulting from defendant's principal acts of discrimination.  Given that damage awards in discrimination cases are designed, in part, to deter illegal conduct, it may make sense to force employers to internalize the full cost of–or even overpay for– injuries that were not only foreseeable but also willfully caused by the employer.  There is no suggestion that Mason's automobile accident falls within this category of conduct."

Mason, ibid., n. 11 (emphasis added).

> substantive, aspects of the collateral source rule are governed by the Federal Rules of Evidence, particularly Rules 401, 402 and 403. See, <u>Fitzgerald</u>, 177 F.3d [71 (1st Cir. 1999)] at 74. Under the evidentiary strand of the collateral source rule, 'evidence of collateral benefits offered to show that an employee has already received compensation for his injuries is generally inadmissible." <u>Torres</u>, 932 F.2d at 752.

<u>England v. Reinauer Transportation Cos</u>., 194 F.3d 265 (1st Cir. 1999). Applying Rule 403 to this question, the risk of unfair prejudice is great because "a jury, informed, say, that a plaintiff has recourse to first party insurance proceeds, may be unduly inclined to return either a defendant's verdict or an artificially low damage award." <u>Fitzgerald</u>, 177 F.3d at 75. Following <u>Fitzgerald</u>, the court in <u>England v. Reinauer</u> barred all evidence of plaintiff's receipt of benefits under the Longshore and Harbor Worker's Compensation Act, as did the courts in <u>Moses v. Union Pac. RR</u>, 64 F.3d 413, 416 (8th Cir. 1995)(failure to exclude such evidence might result in the jury finding no liability or reducing a damage award "when it learns that plaintiff's loss is entirely or partially covered"), <u>Santa Monica v. Metro-North Commuter RR</u>, 81 F.3d 265, 273 (2d Cir. 1996), and <u>Tipton v. Socony Mobil Oil Co.</u>, 375 US 34 (1963)(per curiam).

For the reasons set forth herein, plaintiff respectfully requests that this Court deny defendant's Motion in Limine to exclude amounts received under worker's comp and disability insurance from plaintiff's backpay, and grant plaintiff's motion here to exclude all evidence of

plaintiff's receiving such benefits at trial.

                                       Respectfully submitted,

                                       _____
                                       LINDA P. FALCÃO (43725)
                                       **LAW OFFICES OF**
                                       **LINDA P. FALCÃO, ESQ., PC**
                                       238 Harrogate Road
                                       Wynnewood, PA  19096
                                       610-642-8091
                                       Attorney for Plaintiff

                                       DATE: