**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                                              :
LISA DOLAN COYLE                                 :
3120 Maureen Drive                                  :
Philadelphia, PA    19154                          :
                                                              :
                              Plaintiff,               :            JURY TRIAL DEMANDED
                    v.                                    :
                                                              :
AMERCO, t/a Republic Western Insurance Company    :
1 Ivybrook Boulevard Suite 160                   :
Ivyland, PA    18974                                 :
                                                              :
                                                              :
                                                              :
JAMES WALLETE,                                   :
                                                              :
                              Defendants           :            Civil Action No. 02-CV-3619
_____:

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN
LIMINE TO COLLATERALLY ESTOP PLAINTIFF FROM ARGUING DISABILITY
BEYOND APRIL 2, 2001AND PRECLUDING PLAINTIFF FROM SEEKING TO
COLLATERALLY ESTOP DEFENDANTS FROM ARGUING AGAINST GENDER
DISCRIMINATION AND CAUSATION**

Plaintiff hereby opposes defendant's Motion to have plaintiff collaterally estopped from

arguing disability beyond April 2, 2001, based upon the finding by the worker's compensation

judge that plaintiff's disability ended on that date.  Defendants' argument can be dismissed quite

simply.  Under established Third Circuit caselaw, a worker's compensation decision that has not

been reviewed by any court, such as is at issue here, has no preclusive effect. See, e.g., Heath v.

Pennsylvania Board of Probation and Parole, 2001 US Dist LEXIS 9288 (EDPA 2001), in which

this Court summarized prior caselaw on this subject.  In that decision, this Court first analyzed

the Supreme Court's decision in University of Tennessee v. Elliot, 478 US 788 (1986),

involving an employer's attempt to use an ALJ's determination of no discrimination as collateral

estoppel in a subsequent federal discrimination action.  In Elliot, the Supreme Court

distinguished between state administrative findings that have been reviewed by state courts, and

those which have not been reviewed:

> "The former, since they result in a state court decision, are to be given full faith
> and credit under 28 USC sec. 1738 (the "Full Faith and Credit Act.") In cases
> involving the latter–unreviewed agency decisions– the Full Faith and Credit Act
> does not apply.  478 US at 794 . . The Court concluded the unreviewed state
> agency findings are not to be given preclusive effect in subsequent Title VII
> claims.  The Court noted that a Title VII plaintiff is statutorily entitled to a trial de
> novo after an unfavorable EEOC decision: "It is therefore clear that unreviewed
> administrative determinations by state agencies also should not preclude such
> review even if such a decision were to be afforded preclusive effect in a State's
> own courts. '   Id at. 793.

Heath, supra, at *3  (emphasis added).  This holding– that unreviewed agency decisions do NOT

have preclusive effect– has been held by the Third Circuit to apply specifically to worker's

compensation decisions.  In Dici v. Commonwealth of Pennsylvania, 91 F.3d 542, 458 (1996),

the Third Circuit evaluated exactly the issue presented here– the preclusive effect of a prior

worker's compensation decision that had never been reviewed by a court– and held that only

worker's compensation decisions that have been affirmed by a state court are to be given

preclusive effect in a federal discrimination action.  The Third Circuit held in Dici:

> As we stated in [Swineford v. Snyder County Pennsylvania, 15 F.3d 1258
> (3d Cir. 1994), "under [Odgers v. Commonwealth Unemployment Board of
> Review, 514 Pa. 378, 525 A.2d 359 (1987)], reviewing courts must look beyond
> the superficial similarities between the two issues to the policies behind the action
> actions [to determine whether to apply collateral estoppel].  Only where the two
> actions promote similar policies will the two issues be identical for purposes of
> issue preclusion." Swineford, 15 F.3d at 1267-68.  We believe that Pennsylvania
> courts would apply this reasoning to the workmen's compensation proceeding in
> Dici's case.  The policy of Title VII is to achieve equality of employment

opportunities and remedy discrimination in the workplace.  By contrast, Pennsylvania's workmen's compensation law is designed to define the liability of employers for injuries to employees occurring in the course of employment . . . . <u>we find that issue preclusion should not apply to the facts of Dici's case</u>."

91 F.3d at 551(emphasis added).  This Court then noted of the <u>Dici</u> opinion that the Third Circuit also noted that "the procedures used in Worker's Compensation proceedings are radically different from those used in federal court   . . .Title VII . . seek[s] to remedy discrimination and achieve equality of opportunity. . . the public policies underlying [Title VII and other federal antidiscrimination statutes sec. 1983 and 1985] are completely different than the policy behind the Workers' Compensation laws.  Under <u>Swineford</u>, therefore, collateral estoppel should not apply." <u>Heath,</u> supra, *7-8.

The case cited by defendant is totally factually inapposite to the case at bar, involving as it does multiple judgments of state <u>courts</u>, and the operation of the Full Faith and Credit Act, 28 USC sec. 1738, that <u>requires</u> a federal court to give the <u>judgment</u> of a state court the same preclusive effect in federal court as it would be given in a state court.[1]  See, <u>Jones v.  United Parcel Service</u>, 214 F.3d 402   ("Jones next appealed <u>to the Commonwealth Court</u>, which <u>affirmed</u> the Appeals' Board ruling. . . on 5/28/98, the Supreme Court of Pennsylvania <u>denied</u> Jones' petition for appeal").  These are obviously final judgments of the state court, which implicate the full faith and credit clause.   As the Third Circuit caselaw cited above makes clear, this is limited to final judgments of state courts, and does not apply to unreviewed state agency

---

[1]   The literal language of the clause is that full faith and credit be given to the "judicial proceeding of any <u>court</u> of any such state . .  28 USC sec. 1738 (emphasis added).  Defendants' deceptively refer to the proceedings in this matter as the findings of the worker's compensation "court."  There was in fact <u>no</u> court involved in the workers' compensation proceedings herein.

determinations.[2]

For the reasons set forth herein, defendants' motion should be denied.


Respectfully submitted,


_____
LINDA P. FALCÃO (43725)
**LAW OFFICES OF**
**LINDA P. FALCÃO, ESQ., PC**
238 Harrogate Road
Wynnewood, PA  19096
610-642-8091
Attorney for Plaintiff


DATE:

---

[2]   By the same token, plaintiff does not oppose defendant's motion to preclude plaintiff from arguing that the workers' comp judge's finding of discrimination is binding on defendants. Neither finding is binding in this current federal-court proceeding.