IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
:
LISA DOLAN COYLE :
3120 Maureen Drive :
Philadelphia, PA   19154 :
:
   Plaintiff, : JURY TRIAL DEMANDED
  v. :
:
AMERCO, t/a Republic Western Insurance Company :
1 Ivybrook Boulevard Suite 160 :
Ivyland, PA   18974 :
:
:
JAMES WALLETE, :
:
   Defendants : Civil Action No. 02-CV-3619
_____:

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE UNSWORN DECLARATIONS**

Plaintiff hereby responds in opposition to defendant's above motion to exclude what defendant wrongly claims are the "unsworn" declarations of three former employees of Republic Western: Gina Fusca, Margaret Trimble, and Catherine McNeil.  First, plaintiff intends to present the testimony of these witnesses live at trial, so this issue may be mooted by time of trial, and is premature to be ruled on now.

Second, defendants are simply wrong that these declarations are excludible.  First, they are not "unsworn" declarations.  Each declaration was given subject to the penalties of perjury, see, signature pages of each declaration attached hereto as Exhibit A, which pursuant to 28 USC 1746 is the complete equivalent of **sworn** testimony.

1

This sworn testimony is admissible under hearsay exception FRE 804(b)(1) (prior testimony). As set forth above, the declarations are sworn statements. Second, 804(b)(1) does not require, as defendants claim, that the party against whom the out-of-court statement is to be used did <u>in fact</u> conduct cross-examination; the rule states that it may be used "if the party against whom the testimony is now offered, or, in a civil action or proceedings, a predecessor in interest, <u>had an **opportunity** and similar motive to develop the testimony</u> by direct, cross, or redirect examination." FRE 804(b)(1)(emphasis added). This means exactly what it says. <u>See</u>, e.g., 5 Wigmore, Evidence sec. 1371 at 55-56 (Chadbourn rev. 1974)("The principle requiring a testing of testimonial statements by cross-examination has always been understood as requiring, not necessarily an actual cross-examination, but merely *an opportunity to exercise the right to cross-examine* if desired. The reason is that, wherever the opponent has declined to avail himself of the offered opportunity, it must be supposed to have been because he believed that the testimony could not or need not be disputed at all or be shaken by cross-examination. In having the opportunity and still declining, he has had all the benefit that could be expected from the cross-examination of that witness. This doctrine is perfectly settled."(emphasis in original). <u>Accord</u>, <u>Ohio v. Roberts</u>, 448 US 56 (1980); <u>California v. Green</u>, 399 US 149 (1970); <u>DeLuryea v. Winthrop Laboratories, et al</u>, 697 F.2d 222, 227 (8th Cir. 1983) ("Opportunity and motivation to cross-examine are the important factors, not the actual extent of cross-examination.")

Defendants had every opportunity to develop this testimony, and chose not to. As the Court may recall, defendants in fact subpoenaed Gina Fusca and Marge Trimble for deposition, had correspondence and communication with both of them, and chose not to depose them. Defendants went so far as to move for this court's permission to take the depositions of these

witnesses outside the discovery period, which this Court granted, ruling that their depositions must be taken by May 30th. Defendants chose not to take these depositions, presumably knowing that they would create further evidence negative to them. With regard to Catherine McNeil, defense counsel knew where she lived, and supplied plaintiff's counsel with her address and telephone number (see attached letter of March 18, 2003 from Mr. Horner to Ms. Falcao, attached as Exhibit B). During a conference call with the Court with regard to the spring, 2000 audit of the litigation unit (the subject of Ms. McNeil's declaration), defense counsel represented to the Court that he had already spoken with Ms. McNeil about the subject matter of the litigation. Obviously, defendants had ample opportunity to cross-examine these witnesses, and chose not to. The rationale of this rule– that material not be admitted that defendants never had the opportunity to develop or challenge–is in no way controverted by this Court's admission of these sworn declarations.

    For the reasons set forth herein, plaintiff respectfully requests that this Court deny defendant's Motion.

Respectfully submitted,

_____
LINDA P. FALCÃO (43725)
**LAW OFFICES OF
LINDA P. FALCÃO, ESQ., PC**
238 Harrogate Road
Wynnewood, PA  19096
610-642-8091
Attorney for Plaintiff

DATE: