## SETTLEMENT CONFERENCE SUMMARY

**CAPTION:** Lisa Dolan Coyle, Esquire v. Republic Western Insurance Company

**DISTRICT COURT JUDGE:** Honorable Harvey Bartle, III   JURY/~~NONJURY~~

**TRIAL POOL DATE:** September 1, 2005

**COUNSEL ATTENDING SETTLEMENT CONFERENCE:**

Name: Robert G. Devine, Esquire

Address: 1800 One Liberty Place, Philadelphia, PA 19103

Phone: 215-864-7000

Client: Republic Western Insurance Company and James Wallete

**CLIENT ATTENDING SETTLEMENT CONFERENCE:**

Name of Individual with Ultimate Settlement Authority who will be present at the settlement conference (include company and position where applicable):

Courtney M. Robbins, Esquire, Office of General Counsel, U-Haul International, Inc. (by telephone).

**MOTIONS PENDING:**

Defendants' Motion for Summary Judgment

**OTHER RELEVANT MATTERS:**

**PRIOR OFFERS/DEMANDS:**

Plaintiff's demand - No demand since case re-instated

Defendant's offer – $20,000

## DEFENDANTS' SETTLEMENT CONFERENCE SYNOPSIS

Plaintiff, Lisa Coyle ("plaintiff"), alleges that she experienced gender discrimination while employed as a litigation manager at defendant, Republic Western Insurance Company's ("Republic Western") Ivyland, Pennsylvania office. Plaintiff alleges that the discrimination was committed primarily by defendant, James Wallete ("Mr. Wallete"), the claims manager of the Ivyland office and plaintiff's supervisor, from a period of January 3, 2000 until August 28, 2000, the date she was allegedly constructively discharged.

Plaintiff began her career with Republic Western as the litigation manager of the Ivyland office on May 18, 1998. Plaintiff was the first person to hold the position of litigation manager at the Ivyland office. The position required oversight of U-Haul litigation within 13 states, supervising litigation representatives and operating the office along with the claims manager. Plaintiff was responsible for direct supervision of approximately four to five litigation representatives in her unit which required face-to-face daily contact to ensure that the litigation representatives were doing their job.

Plaintiff alleges that her problems did not arise with Mr. Wallete until she returned from a Family and Medical Leave Act (FMLA) leave on January 3, 2000. Prior to that time, plaintiff admitted that she had no problems with Mr. Wallete. After returning from her FMLA leave, plaintiff contends she was subjected to verbal and written communications which constituted gender discrimination. Plaintiff alleges that the aforementioned activities caused her depression-related physical and mental illness which have prevented her from working after August 28, 2000 until January, 2005 when she began working as an interim third grade teacher in Bensalem Township, Pennsylvania. She had obtained her Pennsylvania Teacher's Certificate and elementary education degree in December, 2004.

During plaintiff's entire tenure with Republic Western, the company had in place a policy prohibiting sexual harassment which directed its employees to report sexual harassment by supervisors to either a higher supervisor, the Chairman of the Board, or the vice president of U-Haul Human Resources in Phoenix, Arizona (1-800 number provided). The policy instructed employees to report harassment up the chain of command if reporting to those below does not bring results. Plaintiff never contacted Republic Western's human resources department concerning the alleged discriminatory activity until <u>after</u> she departed. (Plaintiff's failure in this regard is the topic of defendants' pending motion for summary judgment). Republic Western never demoted plaintiff nor was her salary ever reduced. Her last review before she abandoned her position was favorable.

Since her departure from Republic Western on August 28, 2000, plaintiff has sought and received workers' compensation benefits as well as disability benefits provided through her employment with Republic Western and she has applied for Social Security Administration Disability Benefits.

Plaintiff's complaint is primarily based upon Title VII and PHRA theories of hostile work environment and disparate treatment. Defendants contend, among other things, that: 1) plaintiff's hostile work environment claim is without merit because even if plaintiff's allegations are true, they do not constitute a hostile, intimidating or offensive work environment; 2) plaintiff fails to make out a *prima facie* case of disparate treatment because she cannot demonstrate that male employees were treated more favorably; and 3) plaintiff's failure to follow Republic Western's known and/or readily accessible sexual harassment reporting policy precludes her from recovering under Title VII and the PHRA, pursuant to the *Ellerth/Faragher* defense.